771 So.2d 814 (2000)
STATE of Louisiana, Plaintiff-Appellee,
v.
Gary L. GRIFFIN, Defendant-Appellant.
No. 34,066-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
Louisiana Appellate Project by Peggy J. Sullivan, Indigent Defender Board by David McClatchey, Counsel for Appellant.
*815 Richard Ieyoub, Attorney General, Paul Joseph Carmouche, District Attorney, B. Woodrow Nesbitt, Jr., Assistant District Attorney, Counsel for Appellee.
Before STEWART, KOSTELKA, DREW, JJ.
DREW, J.
A Caddo Parish petit jury found Gary L. Griffin guilty as charged of perjury arising from sworn testimony defendant gave to a grand jury which conflicted with subsequently sworn statements he made as a witness at the 1997 jury trial of Tyrone Pickrom, who was convicted as a principal in the drive-by homicide of Andre Brooks. The district court later adjudicated Griffin as a second felony offender and imposed a sentence of 25 years at hard labor, with five years to be served without benefits. The court denied defendant's pro se and formal motions for reconsideration of sentence.

FACTS
The perjured testimony revolves around the question of whether Tyrone Pickrom, on the night of the homicide, had an assault rifle and whether Pickrom was with or near any person who had such a weapon. Pickrom was charged with being a principal to second degree murder. The murder charge was a result of Myron Smith firing at the Lewis home and killing Andre Brooks, age 14, who was merely there visiting friends.
At the December 1995 grand jury which investigated Brooks' death, defendant Griffin testified that he never saw Pickrom with a gun, and particularly not with an SK or SKS rifle [referenced both ways in transcripts], on the evening of the homicide. Defendant further testified that he never saw Pickrom at or near the house where the homicide occurred, and that the shooting was done by Myron Smith. Defendant testified that he did not know where Smith got the SKS he used to shoot into the house.
At Pickrom's April 1997 trial, defendant testified: (1) That Pickrom picked up the SKS weapon from Pickrom's house on the night of the homicide; (2) That while defendant and Pickrom were walking near the victim's house, Smith joined them; (3) That at the Lewis residence, Pickrom gave the weapon to Smith and talked to him; and (4) That Smith then fired into the Lewis residence. Pickrom, on cross at his trial, testified that he picked up the gun, carried it during the walk to the Lewis house, and then gave the weapon to Myron Smith.[1]
Thus, defendant Griffin testified in material contradiction to the grand jury and to the petit jury on key issues and facts related to the guilt or innocence of Tyrone Pickrom in a prosecution for second degree murder.

DISCUSSION

Assignment No. 1: Introduction of transcripts into evidence.
Debbie Lashmett, a court reporter, testified that she was the reporter at Pickrom's trial. She certified State's Exhibit 1, a copy of defendant's testimony at that trial. Lashmett identified State's Exhibit 2 as a transcript of defendant's grand jury testimony. The court reporter who made that transcript, Bickham, had moved to Oklahoma, but Lashmett recognized Bickham's signature on the transcript. The transcript of the grand jury proceedings and the extracts from the transcript were introduced into evidence over defense objection. The basis for the objection to the grand jury transcript was that although it had been signed by the court reporter it was not properly authenticated because the court reporter who transcribed the testimony, and who was not available at *816 defendant's trial, had not put a seal on the document.
Defendant relies on State v. Denomes, 95-1201 (La.App. 1st Cir.5/10/96), 674 So.2d 465, writ denied 96-1455 (La.11/8/96), 683 So.2d 266; State v. Camp, 92-1842 (La.App. 4th Cir.7/27/94), 641 So.2d 702, writ denied, 94-2215 (La. App. 4th Cir. 2/17/95), 650 So.2d 250; and State v. Melton, 456 So.2d 192 (La.App. 4th Cir.1984) for the proposition that a transcript which contains only the certification of the court reporter is not sufficiently authenticated. The cases cited by Griffin are not dispositive of the issue raised. They involve situations where there was absolutely no witness testimony as to the identity or accuracy of the documents in question.
ADA Steve Waller, who had conducted the grand jury, testified that he reviewed his notes, compared them to the transcript and determined they were consistent. Waller also remembered defendant's testimony independent of the notes and used that recollection to verify the accuracy of the transcript.
Under La. C.E. art. 901, "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The article lists as an example of authentication or identification the testimony of a witness with knowledge that a matter is what it is claimed to be. Art. 901(B)(1).
Here, the state relied on the court reporter's certificate and also presented the testimony of a witness who was present at the grand jury proceedings and who stated that the transcript was accurate and was what it purported to be, i.e., a transcript of defendant's grand jury testimony. This is a sufficient foundation for the admission of the transcript (S-2) into evidence.
Defendant argues that S-4, extracts of testimony, should not have been admitted into evidence because the exhibit was repetitive of the transcripts admitted into evidence and was not a complete copy of the transcripts. Defendant does not cite any authority to support these claims.
ADA Waller testified that he examined S-2, the transcript of the trial, and S-4, the extracts of testimony from S-2. The extracts in S-4 were direct copies of portions of the testimony in S-2. S-4 also contained references to pages and lines from the grand jury transcript as a cross reference. The extract focused on key questions; e.g. was Pickrom at the scene and did he have a weapon. The prosecutor published the exhibit to the jurors and then read the exhibit to the jurors without objection.
The trial court found exhibit S-4, which really was an abridgement of a lengthy document, to be helpful to the jurors. Again, in the absence of a defense showing of authority demonstrably to the contrary, there is no showing of abuse of discretion. This assignment lacks merit.

Assignment No. 2: Habitual offender adjudication.
The prior conviction which the state relied on as a predicate offense was a guilty plea conviction on July 12, 1996 for possession of cocaine. That conviction was after the pertinent December, 1995 grand jury testimony but before the pertinent April, 1997 trial testimony. At the perjury trial, the prosecution relied on La. R.S. 14:124 which required the state to prove only that defendant gave contradictory testimony in judicial proceedings; the state did not have to prove which of the contradictory statements was false. The second felony offender bill of information alleges that defendant committed perjury on April 4, 1997, i.e., the date of Pickrom's trial.
The defense argument is that for a conviction to be used for enhancement purposes under La. R.S. 15:529.1 that conviction must have occurred prior to the commission of the offense for which enhancement of the penalty is sought. *817 From this, the defense argues that the state had to prove Griffin committed perjury at the 1997 trial and that the state failed to prove that fact beyond a reasonable doubt. Defendant does not cite any authority other than the language of section 529.1 to support these claims.
There was no contemporaneous objection which raised this claim at the habitual offender hearing. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. C. Cr. P. art. 841; State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir. 1992); State v. Brown, 552 So.2d 612 (La. App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990);. Thus, this assignment of error is not properly before this court and need not be addressed on the merits.
If considered on the merits, defendant's argument appears to ignore the fact that, at Pickrom's trial, the defendant testified contrary to and inconsistently with his earlier testimony before the grand jury, thereby committing perjury as defined by La. R.S. 14:124. This event occurred after defendant's guilty plea conviction in 1996 for possession of cocaine. Thus, the defendant is clearly a second felony offender. In short, this assignment is not properly before this court and would have no merit if it were.

Assignments No. 3 and 4: Excessive sentence.
The sentence range for perjury involving a trial of a matter which may be punished by a life sentence, La. R.S. 14:123(C)(1), is not less than 5 years, without benefits, to no more than 40 years. For a second felony offender the range is 20 to 80 years, La. R.S. 15:529.1(A)(1)(a).
Defendant argues that none of his felony convictions-possession of cocaine and perjury-were for crimes of violence; his misdemeanor convictions-criminal damage to property, possession of marijuana and carrying a concealed weapon-did not involve violence against other persons. Defendant points out that he was "only" 21 when he testified before the grand jury and "only" 23 when he testified at the trial. He claims he was young, scared and confused. He concludes with a statement that since Pickrom was convicted only of manslaughter, the "possible sentence in this case was outrageously severe." The state counters defendant's arguments by noting that defendant sought to exculpate a friend in the murder of a 14-year-old child who was enjoying the company of friends in a private home.
The trial court found that gang-related behavior was a consistent theme in defendant's life. The court found the instant offense (which the state accurately characterizes as an effort to undermine the criminal justice system) to be "very offensive". Defendant, age 25 at the time of sentencing, had convictions for: possession of cocaine; carrying a concealed weapon; criminal property damage which occurred when defendant threw a rock at a bus from which passengers were flashing gang signs; and possession of marijuana. The court noted that defendant's probation officer filed a motion to revoke probation because defendant did not report as directed and did not devote himself to an occupation. He was present at a residence which was raided by Shreveport police officers and was rude to the officers and gave three false names as to his identity. He also violated the terms of probation by failing to get permission before changing his address, by failing to pay the court-ordered fine and by failing to attend the substance abuse course.
The court found that defendant "was in complete disregard of the law" between attaining the age of majority and when he was placed in custody. The court found there was a theme of "gang-banging". The misdemeanors were serious as was defendant's perjury which could have permitted a guilty person to walk the streets.
*818 In mitigation, the court considered defendant's age at the time of his testimony and that his imprisonment would be a hardship on his children. However, the court found there was no justifiable legal excuse for defendant's offense.
The reasons stated by the district court are more than adequate compliance with the guidelines of La. C. Cr. P. art. 894.1 and support the sentence imposed. Due to defendant's second felony offender status, the sentence imposed is at the very low end of the available sentence range.
No error patent was noted.

DECREE
The conviction and sentence are AFFIRMED.
NOTES
[1] This court affirmed Pickrom's conviction and 30-year sentence for manslaughter in 31,987-KA, rendered 5/5/99. That opinion notes that the players in this case are gang members.