920 So.2d 389 (2006)
STATE of Louisiana, Appellee,
v.
Al Ray PRICE, Appellant.
No. 40,437-KA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*391 Paula Corley Marx, James E. Beal, Louisiana Appellate Project, for Appellant.
Don Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
GASKINS, J.
The defendant, Al Ray Price, appeals as excessive his sentence to ten years at hard labor for possession with intent to distribute a schedule I controlled dangerous substance within 1,000 feet of property used for school purposes, a violation of La. R.S. 40:981.3. For the following reasons, we affirm the conviction and sentence.

FACTS
On the evening of November 11, 2003, the defendant rode a bicycle to the gates of Mansfield High School. Local law enforcement officials observed him as he appeared to be trying to gain access to the locked school yard. When questioned about whether he was armed, the defendant responded that he did not have any weapons, but had "weed" in his front left pocket. A search revealed several small bags containing marijuana.
The defendant was arrested and charged with one count of possession of marijuana with intent to distribute and one count of violation of a controlled dangerous substance law within 1,000 feet of property used for school purposes. The defendant pled guilty as charged and was sentenced to ten years at hard labor on each count, to be served concurrently.
Finding that the two convictions violated the double jeopardy clause, this court vacated the conviction and sentence for possession of marijuana with intent to distribute and remanded the case for resentencing on possession with intent to distribute marijuana within 1,000 feet of a school. See State v. Price, 39,582 (La. App.2d Cir.3/23/05), 899 So.2d 633. On remand, the defendant was sentenced to serve ten years at hard labor with credit for time served. The defendant appealed, arguing that the trial court failed to give sufficient consideration to the mitigating factors and that his sentence is excessive.

LEGAL PRINCIPLES
In reviewing claims of excessive sentence, an appellate court uses a two-step *392 process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Lanclos, supra.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.

DISCUSSION
On remand, for the reasons set forth in the original sentencing, the court ordered the defendant to serve ten years at hard labor, with credit for time served. At the original sentencing hearing, the court stated that the defendant was a second felony offender. The defendant had a 1997 conviction for simple burglary. In 2000, while in juvenile custody, he was charged with attempted aggravated escape and battery of a police officer. He was allowed to plead guilty to assisting escape. He was then transferred to adult custody and "full-termed out" on his 18-month hard labor sentence.
In this resentencing, the court noted that the defendant's sentencing exposure was reduced through a plea agreement in which an additional count of distribution of Schedule II had been dismissed. The court stated that the defendant's continued violation of laws is his most serious transgression. The court noted that there were no mitigating factors, except that the defendant was relatively young.
La. R.S. 40:981.3 mandates the imposition of the maximum fine and imprisonment for not more than one and one-half times the longest term of imprisonment authorized by the applicable provision of La. R.S. 40:966 through 970 which the defendant violated. Thus, this sentencing provision, in conjunction with the provisions of La. R.S. 40:966 B(3), exposed the defendant to a mandatory fine of $50,000 and imprisonment of not more than 45 years.[1]
*393 Considering the totality of the record, the sentence of ten years at hard labor with credit for time served is not excessive. The defendant is a second felony offender, and the sentence imposed is less than one-fourth of the maximum sentence for possession with the intent to distribute a Schedule I controlled dangerous substance within 1,000 feet of property used for school purposes. Additionally, the defendant received substantial benefits as a result of the plea bargain agreement. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice.

CONCLUSION
The trial judge notified the defendant of his two years to apply for post-conviction relief, but did not mention that the two-year time period runs from the date his conviction and sentence become final. The trial court is required to inform the defendant of the time limitation; however, the advisement is supplicatory language which does not bestow an enforceable right upon an individual defendant. State v. Thompson, 39,454 (La.App.2d Cir.3/2/05), 894 So.2d 1268. The failure to advise is not grounds to vacate the sentence and remand for resentencing. The defendant is hereby notified in this opinion of the appropriate delay.
For the foregoing reasons, we affirm the conviction and sentence of the defendant, Al Ray Price.
AFFIRMED.
NOTES
[1] According to the sentencing transcript, the court failed to impose the mandatory fine of $50,000. The court, therefore, imposed an illegally lenient sentence. Although not articulated, the trial judge may have found the monetary fine to be excessive based on this defendant, his youth, and the underlying facts of the offense. While the appellate courts have authority to amend an illegal sentence, we decline to do so in this circumstance.