968 So.2d 916 (2007)
STATE of Louisiana, Appellee
v.
Larry Davis MURRAY, IV, Appellant.
Nos. 42,655-KA, 42,656-KA, 42,657-KA, 42,658-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*917 Louisiana Appellate Project by Laura M. Pavy, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Edward C. Jacobs, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the 26th Judicial District Court, Parish of Bossier, State of Louisiana. The defendant, Larry Davis Murray, IV, was convicted of: computer-aided solicitation of a minor, a violation of La. R.S. 14:81.3; attempted carnal knowledge of a juvenile, a violation of La. R.S. 14:27 and La. R.S. 14:80; possession of a Schedule III CDS (hydrocodone) with intent to distribute, a violation of La. R.S. 40:968; and, possession of a Schedule IV CDS (alprazolam), a violation of La. R.S. 40:969. Murray was sentenced as follows: 10 years at hard labor without benefits for computer-aided solicitation; 5 years at hard labor for attempted carnal knowledge of a juvenile; 10 years at hard labor for possession of hydrocodone with intent to distribute; and, 5 years at hard labor for possession of alprazolam. All sentences were ordered to run concurrently, with credit for time served. Murray now appeals. For the following reasons, we affirm the convictions and sentences.

FACTS
The Northwest Louisiana Internet Crimes Against Children Task Force investigated a complaint that Murray had been soliciting sex from a 15-year-old minor boy, C.C., by sending text messages to C.C.'s cellular phone.[1] The complaint had been made to the Webster Parish Sheriff's Office by C.C.'s father. Detectives Scotty Tucker and Dustin Reynolds from the Webster Parish Sheriff's Office used C.C.'s cellular phone to contact Murray and impersonated the juvenile. The conversations included discussion about oral sex, anal sex, and other sexual desires that Murray had. On July 25, 2006, a meeting was arranged between Murray and the officers, impersonating as C.C., in the Brookshire's parking lot in Haughton, Louisiana. Officers from the Bossier Parish Sheriff's Office, Webster Parish Sheriff's Office, Louisiana Attorney General's Office, and the Bossier/Webster District Attorney's Office were waiting for the defendant. When Murray arrived at the designated time, he was in the process of sending another text message to C.C.'s cell phone and was found to be in possession of hydrocodone and alprazolam. A search of *918 Murray's vehicle produced condoms, lubrication, Lortabs, Xanax, and beer.
Murray was placed under arrest and charged with computer-aided solicitation for sexual purposes, attempted carnal knowledge of a juvenile, possession of a Schedule III CDS with intent to distribute, and possession of a Schedule IV CDS. Murray was sentenced as follows: computer-aided solicitation, 10 years at hard labor without benefit of parole, probation, or suspension of sentence; attempted carnal knowledge of a juvenile, 5 years at hard labor; possession of hydrocodone with intent to distribute, 10 years at hard labor; and, possession of alprazolam, 5 years at hard labor. All sentences were ordered to run concurrently, with credit for time served. This appeal ensued.

LAW AND DISCUSSION
Murray's sole assignment of error is that his cumulative sentence is excessive. In reviewing a sentence for excessiveness, this court must first determine whether there has been compliance with La. C. Cr. P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La. App.2d Cir.01/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739, 751 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.05/16/00), 769 So.2d 1158.
In the case at hand, before imposing the sentence, the trial court carefully reviewed the sentencing guidelines as required by La. C. Cr. P. art. 894.1. In particular, the trial court examined Murray's criminal record as outlined in the pre-sentence investigation report which reflected several priors including possession of marijuana, possession of drug paraphernalia, driving under suspension, and the issuance of two active warrants for his arrest in Tennessee, concerning his failure to appear in district court on 19 counts of issuing worthless checks. At the time of the instant arrest, the trial court noted that Murray was on probation for failure to return a leased vehicle. The trial court also relayed a statement from C.C.'s mother in which she stated that her son had suffered significant emotional and psychological *919 problems due to the defendant's "perverted activities." Further, the trial court believed that a suspended sentence would present an undue risk that the defendant would commit another offense during that period of time. Nonetheless, the trial court took into consideration that this was Murray's first felony, and accordingly made the sentences concurrent, clearly benefitting Murray.
Murray's sentence is not too severe given the circumstances of the case. He continued to harass the victim after the victim repeatedly rejected his sexual advances, and attempted to use drugs and alcohol in exchange for sexual favors. Murray took no responsibility for his actions, showed no remorse, nor did he offer any apologies to the victim. Thus, the maximum sentence does not shock the conscience of the court or appear to be a needless imposition of pain and suffering. There is no showing of an abuse of the trial court's discretion in the imposition of these sentences.

Error Patent Discussion
Our error patent review indicates that Murray's sentence is illegally lenient as the trial court did not impose a fine of not more than $10,000.00, as required by La. R.S. 14:81.3. Although we find the omission of the imposition of a fine to be error, we refrain from amending Murray's sentence where the state did not object at sentencing nor on this appeal. State v. Jackson, XXXX-XXXX (La.App. 5th Cir.12/14/04), 892 So.2d 71, writ denied, XXXX-XXXX (La.01/09/06), 918 So.2d 1033.

CONCLUSION
For the foregoing reasons, we affirm the convictions and sentences for Larry Murray, IV.
AFFIRMED.
NOTES
[1] In accordance with La. R.S. 46:1844(W), initials will be used to protect the minor victim's identity.