969 So.2d 800 (2007)
STATE of Louisiana, Appellee
v.
Leon MITCHELL, Appellant.
No. 42,747-KA.
Court of Appeal of Louisiana, Second Circuit.
November 14, 2007.
*801 Louisiana Appellate Project by Cary J. Ellis, III, for Appellant Leon Mitchell.
Paul Joseph Carmouche, District Attorney, Lea R. Hall, Jr., John Ford McWilliams, Jr., Assistant District Attorneys, for Appellee.
Before GASKINS, PEATROSS and DREW, JJ.
DREW, J.
Leon Mitchell, a/k/a Leon Mitchell Brockett, a/k/a Leon Bradford, was convicted of obscenity, La. R.S. 14:106. Adjudicated as a fourth felony offender, he appeals his sentence of life imprisonment at hard labor without benefits. We affirm.
The defendant was arrested and charged with obscenity arising out of a May 12, 2006, incident which occurred in downtown Shreveport around 1:00 p.m, a time when large numbers of the public were present.
Shreveport Police Department officer Laura Sorrells testified that:
 she saw the defendant in connection with her patrol of that area;
 he was fondling himself and masturbating;
 she called out twice for him to "put it away;"
 he refused to comply; and
 she arrested him.
Mitchell was convicted as charged of one count of obscenity, after which the state filed a habitual offender bill of information, charging him as a fourth felony offender. Adjudicated as such, he was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. A timely motion to reconsider sentence was filed and denied by the trial court with excellent and thorough written reasons, which we adopt and attach as an appendix hereto.
The defendant argues that:
 the sentence imposed of life imprisonment is disproportionate to the severity of the crime and shocks one's sense of justice;
 there was no physical harm to anyone;
 there were no witnesses to the events other than the officer;
 though he has a significant criminal history, the trial court failed to tailor the sentence to his situation; and
 the crime of obscenity does not warrant a life sentence.
The state responds that:
 the defendant has not shown that the trial court manifestly abused its discretion in imposing Mitchell's sentencing;
 the record supports the sentence imposed; and

*802  the trial court gave ample reasons to justify the sentence.

DISCUSSION
Our law on the review of sentences is well settled.[1]
The learned trial court:
 reviewed the sentencing guidelines found in La. C. Cr. P. art. 894.1;
 examined the defendant's staggering criminal history, which included illegal sexual contact and attempted illegal sexual contact with children;
 noted a sentencing range of 20 years to life; and
 ordered that the defendant serve the maximum sentence.
Defendant's Criminal History
 In 1973, the defendant pled guilty to simple burglary and was sentenced to three years at hard labor, for which he was paroled, and his parole subsequently revoked.
 In 1983, the defendant was arrested for aggravated rape against a three-year-old child, an offense which almost resulted in the child's death. He confessed to taking the child behind a storage facility where he laid her on the ground, removed her pants, and inserted his right index finger into her vagina. The temperature at the time in question was 32° and the child's temperature upon admittance at the hospital was less than 92°. He was found guilty by a jury of aggravated sexual battery and sentenced to serve 15 years at hard labor.
 In 1993, the defendant was charged with aggravated burglary, attempted sexual assault, and unauthorized entry of an inhabited dwelling. At 2:15 a.m., he attempted to enter a home through a bedroom window where two young girls slept, both under the age of 12 years old. One child saw him, pushed him out, and shut the window. He again tried to enter, but the child was unable to prevent his entry. He pled guilty to unauthorized entry of an inhabited *803 dwelling and was sentenced to three years at hard labor.
 In 1998, Mitchell pled guilty to unauthorized entry of a place of business, for which felony he was sentenced to serve a three-year suspended sentence.
We agree with the trial court that the defendant is a dangerous sexual predator. Mitchell's criminal record, including numerous other arrests and misdemeanor convictions, is daunting. This maximum sentence does not shock the conscience nor is it a needless imposition of pain and suffering. There is no showing of an abuse of the district court's great discretion.

DECREE
The defendant's conviction and sentence are AFFIRMED.

APPENDIX
STATE OF LOUISIANA
VERSUS
LEON MITCHELL
NUMBER: 251, 297
FIRST JUDICIAL DISTRICT COURT
CADDO PARISH, LOUISIANA

RULING ON MOTION TO RECONSIDER SENTENCE (FILED 1/9/07)
The court has for consideration a Motion To Reconsider Sentence filed by counsel for Leon Mitchell (also known as Leon Brockett, Leon Bradford and Leon Mitchell Brockett) in which he complains that the sentence is excessive because (1) no one was "physically harmed and the only victim was the arresting officer"; and (2) "there is no evidence that anything of value was ever taken in this offense". Defense counsel asserts that the sentence is "excessive, cruel and unusual and violates the 8th Amendment to the U.S. Constitution". For the reasons which follow, the Motion To Reconsider Sentence is denied.
A jury convicted the defendant of Obscenity; the district attorney filed a multiple offender bill of information, and the court adjudicated the defendant as a fourth felony offender. Thus, the defendant faced a minimum of twenty years hard labor and a maximum of life imprisonment as a multiple offender. On January 5, 2007, this court articulated detailed reasons for sentencing the defendant to life in prison at hard labor without benefit of parole, probation or suspension of sentence. See R.S. 15:529.IG.
Any reviewing court will closely examine the reasons articulated on January 5, 2007 as reflected by the sentencing transcript. However, Curt will reiterate its rationale as follows: On May 12, 2006, during the noon hour, the defendant was on the south of the Texas Street bridge in the downtown area of Shreveport. As several ladies either going to or from lunch passed the general area, the defendant stepped away from the bridge in pain view and commenced masturbating. Shreveport Police Officer Laura Sorrels, who routinely patrols the downtown area on bicycle, observed the defendant; she approached him and twice ordered him to "put it away". The defendant, however, defiantly continued to masturbate in plain view of Officer Sorrels and the public. After several commands. which were ignored, the defendant was arrested.
While this crime, if a first felony offense, might result in supervised probation, perhaps with a special condition of 30 to 60 days in jail coupled with an order of counseling and therapy and other appropriate special conditions of probation, this case is extraordinary. Defendant has an extensive criminal history. Most importantly, the defendant was found guilty by *804 jury of sexual battery in 1984 and was sentenced to 15 years hard labor. That case involved the molestation of a three year old child by the defendant after which he callously and maliciously left the baby in 30 degrees weather which caused further injuries requiring hospitalization. Following the defendant's release from the penitentiary, in about 1993, he was arrested in connection with a 2:15 a.m. attempted unauthorized entry into the house and specifically the room occupied by 12 year old twin girls.
With those particular previous felony convictions coupled with the obscenity conviction, the court concludes that the defendant is a pervert, child molester and sexual predator who will likely never be cured and who is likely to strike again.
The defense has argued that "the offense resulted in no one being physically harmed and the only victim was the arresting officer"; however, the court disagrees in part: in addition to officer Sorrels, the victim is the public, which deserves to be free of previously convicted sex offenders who continue to commit obscene acts.
Because of the information pertained in the 1984 pre-sentenced investigation report (filed in the report) coupled with the entire history regarding the defendant, including his propensity to play the name game (Leon Mitchell/Leon Bradford/Leon Mitchell Brockett/Leon Brockett) in an obvious effort to elude accountability for his actions, the court concludes that the defendant has earned the maximum possible sentence in connection with this fourth felony offender adjudication. Accordingly, the Motion To Reconsider Sentence filed January 9, 2007, is denied.
Signed this 2nd day of March, 2007 in Shreveport, Caddo Parish, Louisiana.
SCOTT J. CRICHTON
 DISTRICT JUDGE
DISTRIBUTION:
Lee R. Hall, Jr.
Brady O'Callaghan
Jerry Kircus
Sarah Giddens
NOTES
[1] In reviewing a sentence for excessiveness, this court must first determine whether there has been compliance with La. C. Cr. P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App.2d Cir.1/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.

A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.