996 So.2d 401 (2008)
STATE of Louisiana, Appellee
v.
Thomas LIDDELL, Appellant.
No. 43,563-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*402 Louisiana Appellate Project by James E. Beal, Jonesboro, for Appellant.
Paul J. Carmouche, District Attorney, for Appellee.
Eddie Brossette, Jr., Ron Christopher Stamps, Catherine M. Estopinal, Assistant District Attorneys.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Thomas Liddell, was convicted of second degree battery. He was sentenced to 5 years at hard labor, with all but 18 months suspended and placed on 2 years supervised probation with special conditions. Defendant now appeals. For the following reasons, Defendant's conviction and sentence are affirmed.

FACTS
On May 8, 2007, police and emergency personnel arrived at Jewel Street in Shreveport and found the victim, Brenda Brown, severely beaten and lying in a ditch. Ms. Brown testified that she had gotten into an altercation with Defendant that escalated into Defendant beating her with his hands and repeatedly stomping her with his combat boots. After the beating, she lost consciousness for approximately five minutes. The victim was *403 rushed to the hospital by ambulance where she was treated for numerous facial injuries, a fractured neck and a broken nose.
Tommy Williams testified that he heard the commotion down the street after having seen Ms. Brown go to the store in the same direction. He went down the street to check on Ms. Brown and found her in the ditch severely beaten. Mr. Williams testified that, as a result of her injuries, he did not recognize the injured person as Ms. Brown when he found her. When he came upon Ms. Brown, he also heard someone move through the bushes. On his way back to his house to call police, he ran into Defendant and noticed that Defendant had leaves in his hair.
Later that evening, Officer Charles Menefee of the Shreveport Police Department made contact with Defendant, who was intoxicated, and advised him of his Miranda rights. When Defendant became uncooperative, he was taken into custody and booked on the charge of second degree battery.
As stated, Defendant was charged with second degree battery, a violation of La. R.S. 14:34.1, and was convicted. Motions for a new trial and post-verdict judgment of acquittal were filed and denied. Defendant was sentenced to 5 years at hard labor, with all but 18 months suspended and placed on 2 years supervised probation with special conditions. A timely motion to reconsider sentence was filed and denied. This appeal ensued assigning as error that the sentence is excessive.
Defendant argues that, in imposing the sentence, the trial court made no reference to aggravating or mitigating factors. Defendant asserts that the sentence should be vacated and the matter remanded with instructions to the trial court to comply with La. C. Cr. P. art. 894.1 in imposing a less harsh sentence.
The State argues that Defendant's sentence is warranted because Defendant viciously beat the victim and left her for dead. As the victim still suffers from the effects of the brutal beating she received, the State asserts that the sentence does not shock one's sense of justice and, therefore, is not unconstitutionally excessive.

DISCUSSION
In reviewing a sentence for excessiveness, this court must first determine whether there has been compliance with La. C. Cr. P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App. 2d Cir.1/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed *404 is proper. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158.
Although the trial court did not act in full compliance with the provisions of La. C. Cr. P. art. 894.1, the record clearly shows an adequate factual basis for the sentence imposed. While the trial court did not discuss on the record Defendant's personal history or prior criminal record, it did take into account the nature of the battery and the injuries inflicted upon the victim. After noting the seriousness of the offense, the trial court sentenced Defendant to 5 years at hard labor, with all but 18 months suspended. In addition, the trial court placed Defendant on 2 years supervised probation with special conditions.
The sentence imposed is not too severe given the circumstances of this case. Defendant severely beat the victim to the extent that she was unrecognizable. Further, she was left by Defendant lying in a ditch, drifting in and out of consciousness. Her neck was fractured and her nose was broken. In light of these circumstances, the sentence does not shock the conscience of the court or appear to be a needless imposition of pain and suffering.

CONCLUSION
On this record, we find no constitutional error. There is no showing of an abuse of the district court's discretion in the imposition of this sentence. For the foregoing reasons, the conviction and sentence of Defendant Thomas Liddell are affirmed.
AFFIRMED.