997 So.2d 33 (2008)
STATE of Louisiana, Appellee
v.
Deontray MINGO, Appellant.
No. 43,523-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
Rehearing Denied October 16, 2008.
*34 Louisiana Appellate Project by Carey J. Ellis, III, for Appellant.
William R. Jones, District Attorney, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the Thirty-Ninth Judicial District Court, Parish of Red River, State of Louisiana. A jury convicted the defendant, Deontray Mingo, of armed robbery, a violation of La. R.S. 14:64. Mingo was sentenced to 19 years' imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Mingo now appeals. For the following reasons, the defendant's conviction and sentence is affirmed.

FACTS
On February 1, 2007, Mingo and Leon Allen knocked on several doors at a senior citizen apartment complex in Coushatta, Louisiana looking to rob anyone who answered their door. Gary Peveto opened his door after he heard a knock as he was expecting a visit from his niece. Instead, Allen and Mingo hit the door and spun Peveto around forcing him to land on his couch. At the time, Peveto, an amputee, was using his crutches because he had taken his artificial leg off. Mingo was armed with a gun. Mingo pointed it at Peveto's head and told him not to move or he would kill him. Peveto told Mingo that it would not be worth going to prison for killing him, to which Mingo replied they would never find out who did it. While this was occurring, Allen was in the back of the apartment rummaging through Peveto's property. Peveto testified that approximately $60.00, a .22 revolver, and a digital camera were stolen from his apartment. In addition, Peveto's telephone had been ripped off the wall, presumably to prevent Peveto from calling the police.
Mingo was charged by bill of information with armed robbery, a violation of La. R.S. 14:64. After a jury trial, he was found guilty as charged, and a pre-sentence investigation (PSI) report was ordered. Thereafter, Mingo was sentenced to 19 years at hard labor, to be served without the benefit of parole, probation, or suspension of sentence. The trial court denied the timely motion to reconsider sentence alleging mere excessiveness, technically a violation of La.C.Cr.P. art. 881.1. See State v. Mims, 619 So.2d 1059 (La.1993). However, on the same day, the specific grounds for excessiveness were set forth for this appeal. This appeal ensued.

LAW AND DISCUSSION
On appeal, Mingo argues that the penalty imposed is severe as he was only 17 years old at the time of sentencing. He further argues that his criminal history mostly consists of juvenile crimes, and that the instant conviction is his first felony as an adult. The state argues that the sentence was less that one-fifth of the maximum penalty the trial court could have imposed and is not excessive.
*35 Despite the deficiency in the motion to reconsider, we will analyze the excessive sentence claim to the full extent. In reviewing a sentence for excessiveness, this court must first determine whether there has been compliance with La. C. Cr. P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App. 2d Cir.01/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La. App. 2d Cir.04/02/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If the sentence is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739, 751 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dunn, 30,767 (La.App. 2d Cir.06/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX, XXXX-XXXX (La.05/16/00), 769 So.2d 1158.
Here, before imposing the sentence, the trial court carefully reviewed the sentencing guidelines as required by La. C. Cr. P. art. 894.1 and the PSI report. The trial court looked closely at Mingo's criminal history which included a juvenile conviction, and arrests for theft, simple burglary, and forgery. The trial court considered Mingo's age as a mitigating factor and the fact that the instant conviction was his first felony as an adult. However, the record also reflects that at the time of the instant offense, Mingo was under house arrest for a prior offense for which he had an ankle bracelet monitoring his whereabouts. Clearly, this did not deter him from leaving his house. In light of this fact, we agree with the trial court when it stated that there would be an undue risk that during the period of any suspended sentence or probation that the defendant would commit another crime. Furthermore, the trial court noted that the victim of the offense was particularly vulnerable and that Mingo's use of a firearm created a risk of danger and great bodily harm.
The sentence imposed is not too severe given the circumstances of the case. Louisiana R.S. 14:64 provides that a person convicted of armed robbery shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. The 19-year sentence falls at the lower end of the statutorily mandated sentencing range. Considering that Mingo held a gun to the head of an elderly, amputee, we cannot find that *36 the trial court abused its discretion nor does the sentence shock the conscience of this court or appear to be a needless imposition of pain and suffering.

CONCLUSION
For the foregoing reasons, Deontray Mingo's conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW and LOLLEY, JJ.
Rehearing denied.
DREW, J., would not consider as untimely.