997 So.2d 133 (2008)
STATE of Louisiana, Appellee,
v.
Benjamin WRIGHT, Jr., Appellant.
No. 43,633-KA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*134 Bruce Gerard Whittaker, for Appellant.
J. Schuyler Marvin, District Attorney, John Michael Lawrence, Assistant District Attorney, for Appellee.
Before BROWN, MOORE and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the 26th Judicial District Court, Parish of Webster, State of Louisiana. The defendant, Benjamin Wright Jr., was convicted of 23 counts of pornography involving juveniles, pursuant to La. R.S. 14:81.1. Thereafter, he was adjudicated as a second felony offender and sentenced to 20 years at hard labor, without the benefit of parole, probation, or suspension of sentence to run consecutive with any other sentence he was serving. Additionally, Wright was ordered to register as a sex offender for life. Wright appeals, and for the following reasons, we affirm his conviction and sentence as a second felony offender.

FACTS
Wright was previously convicted and sentenced for committing 23 counts of pornography involving juveniles, violations of La. R.S. 14:81.1.[1] Thereafter, the state *135 filed an amended habitual offender bill of information charging Wright as a second felony offender pursuant to La. R.S. 15:529.1. As alleged in the amended habitual offender bill, Wright had a prior conviction for carnal knowledge of a juvenile on February 2, 1993.
A habitual offender hearing was held on July 30, 2007, wherein Wright was adjudicated a second felony offender. On November 12, 2007, Wright filed a motion for post-judgment verdict of acquittal, a motion to quash, a motion to clarify, and a motion for a new trial. All of the motions were denied as untimely. On the same day, the trial court vacated Wright's previous sentence as to count I and re-sentenced Wright, as a habitual offender, to serve 20 years at hard labor, without the benefit of parole, probation, or suspension of sentence to run consecutive with any other sentence he was serving. Additionally, Wright was ordered to register as a sex offender for life. Wright filed a timely motion to reconsider/modify sentence, which was denied. This appeal ensued.

DISCUSSION
In his first assignment of error, Wright argues that the trial court erred in not requiring the state to designate which precise count of his recent convictions was to be subjected to the enhancement authorized by the habitual offender statute. Wright further argues that the error renders the sentence indeterminate in this case, and thus, this court should set aside the habitual offender adjudication and remand the matter to the trial court.
At Wright's habitual offender hearing, the state sought enhancement of count 14. The trial court determined that the evidence at the hearing proved beyond a reasonable doubt that Wright was the same individual that had been previously convicted for carnal knowledge of a juvenile, and he was determined to be a habitual offender. When Wright returned for sentencing, the trial court noted the previous hearing where Wright had been found guilty as a habitual offender and asked the state for a reminder as to what count had been enhanced. At that point, the state erroneously stated that count 1 of his convictions was being enhanced. On appeal, Wright argues that the trial court erred, because the misstatement (i.e. the reference to count 1 instead of count 14) made his sentence indeterminate. We disagree.
First, we note that there was no contemporaneous objection which raised this claim at the habitual offender hearing or sentencing hearing. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. Thus, this assignment of error is not properly before this court and need not be addressed on the merits. La. C. Cr. P. art. 841; State v. Griffin, 34,066 (La.App.2d Cir. 11/01/00), 771 So.2d 814; State v. Bosley, 29,253 (La.App. 2d Cir.04/02/97), 691 So.2d 347, writ denied, XXXX-XXXX (La.10/17/97), 701 So.2d 1333.
However, even addressing the merits of this assignment of error, we conclude that the error was immaterial and certainly not prejudicial to Wright despite the misstatement regarding the precise count being enhanced. For the reasons stated in State v. Shaw, 2006-2467 (La. 11/27/2007), 969 So.2d 1233, we note that there is no statutory bar that would have prevented the trial court from applying the habitual offender law in Wright's sentencing for more than one conviction obtained on the same date. Thus, considering that the state feasibly could have sought enhancement *136 of all Wright's counts, the later misstatement and reference to count 1 instead of count 14 was completely immaterial the sentencing exposure was the same regardless of the count. Certainly, Wright suffered no prejudice as a result of the misstatement.
In his second assignment of error, Wright argues that he received what amounts to a life sentence for his non-violent voyeuristic compulsion even though he is hardly the worst of offenders. He further argues that the imposition of the maximum sentence is excessive despite the fact that his conviction merits harsh punishment.
In reviewing a sentence for excessiveness, this court must first determine whether there has been compliance with La. C. Cr. P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App.2d Cir.01/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mitchell, 42,747 (La.App.2d Cir. 11/14/07), 969 So.2d 800, writ denied, XXXX-XXXX (La.05/16/08), 980 So.2d 708.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If the sentence is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739, 751 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Boyte, 42,763 (La.App.2d Cir. 12/19/07), 973 So.2d 900, writ denied, XXXX-XXXX (La.06/20/08), 983 So.2d 1272. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX, XXXX-XXXX (La.05/16/00), 769 So.2d 1158.
The sentencing range for "pornography involving juveniles" is imprisonment at hard labor for not less than two years nor more than ten years, without benefit of parole, probation or suspension of sentence. La. R.S. 14:81.1.
Louisiana R.S. 15:529.1 provides, in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term *137 and not more than twice the longest term prescribed for a first conviction....
As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. State v. Brisco, 33,179 (La.App.2d Cir.04/05/00), 756 So.2d 644, writ denied, XXXX-XXXX (La.05/25/01), 792 So.2d 749.
Here, a review of the record indicates that the trial court complied with La. C. Cr. P. art. 894.1 in the imposition of sentence. The trial court examined Wright's prior criminal history which included a 1993 conviction of two counts of carnal knowledge of a juvenile and a 2005 conviction of three counts of video voyeurism. The trial court concluded that Wright was a grave risk to the safety of the community and that he was desperately in need of correctional treatment in a custodial environment. Finding that there were no grounds which would justify his criminal conduct, the trial court determined that a lesser sentence would deprecate the seriousness of the crime.
We conclude that the trial court's sentence was not in error. The sentence is not too severe given Wright's criminal history and the circumstances of the case. Based upon the nature of the offenses and his criminal history of sex offenses involving juveniles, there was no error or abuse of discretion in the trial court's imposition of the maximum sentence in this case. As a result of his convictions on the 23 counts of pornography involving juveniles and his conviction as a habitual offender, Wright received a total sentence of 40 yearsa sentence which is not shocking to the sense of justice, nor is it a needless infliction of pain and suffering considering the nature and extent of his criminal behavior. So considering, we conclude that this assignment of error lacks merit.

Error Patent
Our error patent review indicates that Wright's sentence is illegally lenient as the trial court did not impose a fine of "not more than $10,000.00," as required by La. R.S. 14:81.1. Although we find the omission of the imposition of a fine to be error, we refrain from amending Wright's sentence or remanding for re-sentencing because the state did not object at sentencing nor on this appeal. See State v. Murray, 42,655 (La.App.2d Cir.10/24/07), 968 So.2d 916.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Benjamin Wright, Jr. are affirmed.
AFFIRMED.
NOTES
[1] The record on appeal contains little information regarding Wright's underlying convictions and sentences, which are contained in docket no. 69,946. A review of the minutes from that proceeding shows that Wright was tried by jury and found guilty as charged on counts 1-12 and 14-24. He was found not guilty on count 13. At sentencing, the trial court sentenced Wright as follows: (1) on counts 1-12 and counts 23 and 24, he received ten years' imprisonment at hard labor without benefits of parole, probation or suspension of sentence, on each count, to run concurrent with each other ("sentence I"); (2) on counts 14-22, he received ten years' imprisonment at hard labor without benefits of parole, probation or suspension of sentence, on each count, to run concurrent with each other ("sentence II"); (3) sentence I to run consecutive with sentence II; and (4) the sentence from these charges to run consecutive with any other sentence he was serving.