Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,861-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

RICKEY L. GRANT                       Appellant

* * * * *

Appealed from the
Thirty-Seventh Judicial District Court
for the Parish of Caldwell, Louisiana
Trial Court No. 97169

Honorable Ashley P. Thomas, Judge

* * * * *

CLINT R. HANCHEY                      Counsel for Appellant

CLEOPHUS WASHINGTON

BRIAN E. FRAZIER                      Counsel for Appellee
District Attorney

THOMAS WESLEY BURNS
Assistant District Attorney

* * * * *

Before COX, THOMPSON, and MARCOTTE, JJ.

**COX, J.**

This case arises out of the Thirty-Seventh Judicial District Court, Caldwell Parish, Louisiana. Rickey L. Grant pled guilty to computer-aided solicitation of a minor in violation of La. R.S. 14:81.3. Grant was sentenced to six years at hard labor without the benefit of probation, parole, or suspension of sentence. He now appeals his sentence as excessive. For the following reasons, we affirm his conviction and sentence.

**FACTS**

On December 11, 2018, Grant was charged by two bills of information in violation of La. R.S. 40:966(C) (possession of schedule I controlled dangerous substance) and La. R.S. 14:81.3 (computer-aided solicitation of a minor). The following factual summary comes from the State's recitation of the facts of the case at Grant's guilty plea hearing:

On November 5, 2018, officers were contacted by an immediate family member of a 16-year-old girl, who was deceased. The 16-year-old's social media profile was receiving messages from Grant requesting sex. Individuals posed as the deceased girl and continued to receive messages from Grant. In exchange for sex, Grant was asked to bring pizza, Smirnoff Green Apple, and marijuana. Grant traveled to a predetermined location in Caldwell Parish with the intent to meet the 16-year-old girl. When he arrived at the location, he was arrested. A search of his vehicle revealed pizza, Smirnoff Green Apple, a small amount of vegetable matter, and condoms.

Grant agreed to the State's statement of facts. He pled guilty to one count of computer-aided solicitation of a minor in violation of La. R.S. 14:81.3 and his drug charge was dropped.

The district court ordered a PSI before sentencing Grant. The district court reviewed the sentencing guidelines, PSI, statement of facts, and letters written in support of Grant. The district court stated that Grant was 62 years old, he had no previous convictions, and he has strong family and community support. Letters written on behalf of Grant by friends and family indicated that he "was someone who was not of cunning intelligence." Grant completed school through the 10th grade.

The district court highlighted that it was Grant who began communicating first in this case as opposed to an undercover officer soliciting people while representing to be a minor. The district court stated that the age difference between Grant and his intended victim was over 40 years. The district court found it particularly aggravating that Grant brought alcohol and marijuana to the meeting location, which would have made a 16-year-old child even more vulnerable. The district court sentenced Grant to six years at hard labor without the benefit of probation, parole, or suspension of sentence. Grant was provided his sex offender notification requirements.

Grant filed a motion to reconsider his sentence. He argued for a lesser sentence based on his disability, serious illnesses, and clean criminal record. The district court denied his motion to reconsider. Grant now appeals his sentence.

### DISCUSSION

Grant argues his six-year sentence is excessive and the district court erred in denying his request to reconsider his sentence. He agrees with the district court's sentencing range of two to ten years at hard labor but argues the court made little effort to comply with the provisions of La. C.Cr.P. art. 894.1. He points out that this is his first conviction, he is 62 years old,

disabled, intellectually challenged, and has numerous health conditions (larynx and prostate cancer, chronic low back pain with sciatica, and COPD).

The State argues that Grant's sentence was justified and appropriate. It asserts that the district court ordered a PSI, articulated reasons for the sentence, and considered the record. The State highlights that the district court noted the serious nature of the crime, Grant's age and lack of previous convictions, and numerous letters of support from friends and family. The State argues that considering the nature of the crime and the harm to society, the sentence imposed is not grossly out of proportion to the seriousness of the crime, nor the needless and purposeless imposition of pain and suffering.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *Id.*

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *Id.*

The district court must state for the record the considerations taken into account and the factual basis for the sentence imposed. La. C. Cr. P. art. 894.1(C). The court must consider the defendant's personal history, the

defendant's criminal record, the seriousness of the offense, and the likelihood of rehabilitation. *Id.* There is no requirement that specific matters be given any particular weight at sentencing. *Id.* All convictions and all prior criminal activity may be considered, as well as other evidence normally excluded from the trial. *State v. Platt*, 43,708 (La. App. 2 Cir. 12/3/08), 998 So. 2d 864, *writ denied*, 09-0265 (La. 11/6/09), 21 So. 3d 305.

A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. *State v. Vanhorn, supra*; *State v. Weston*, 52,312 (La. App. 2 Cir. 11/14/18), 260 So. 3d 722. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Id.*

A person convicted of computer-aided solicitation of a minor when the victim is a person reasonably believed to have not yet attained the age of seventeen, shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.3(B)(1)(c).

In his motion to reconsider sentence and on appeal, Grant argues the district court should have considered his age, health issues, and lack of criminal record. He argues that he should have been given a more lenient sentence based on these considerations.

At sentencing, the district court considered Grant's age of 62 years old, strong family and community support, and that he did not graduate from high school. The district court noted that based on letters written on behalf of Grant, he is "not of cunning intelligence." The district court also

4

recognized that although Grant had previous arrests, this was his first conviction.

The district court considered the facts of the case at sentencing, specifically that Grant initiated the conversation. Although the intended victim in the case was deceased, the district court found it to be an aggravating factor that a grieving father had to read the messages requesting sex from his deceased child. The district court also found it to be an aggravating factor that Grant brought alcohol and marijuana to the meeting location, which would have made the child more vulnerable.

The district court was not required to list every aggravating and mitigating factor and particular weight is not assigned to specific factors. In the case before us, the district court adequately reviewed Grant's personal history, previous criminal record, and need for rehabilitation, as well as aggravating and mitigating factors. Because we find that the district court did adhere to the sentencing guidelines, we now turn to whether Grant's sentence is excessive.

We must determine if Grant's sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. We reiterate that the district court is given wide discretion in sentencing within the statutory limits. Grant was subject to a sentence of two to ten years, and he was given a midrange sentence of six years. This statute protects the physical and psychological well-being of children by preventing sexual exploitation and abuse. *See State v. Penton*, 2008-0551, p. 4 (La. App. 1 Cir. 10/31/08), 998 So. 2d 184, 186. The fact that Grant did not actually meet up with a 16-year-old girl does not deprecate the seriousness of his actions. He initiated contact with

5

someone he believed to be 16 years old, requested sex from her, and brought all the requested items to exchange for sex. Given the facts of this case, a mid-range, six-year sentence does not shock the sense of justice. Therefore, we find that Grant's sentence is not excessive.

*Error Patent*

Our error patent review indicates that Grant's sentence is illegally lenient as the district court did not impose a fine of not more than $10,000, as required by La. R.S. 14:81.3(B)(1)(c). Pursuant to La. C. Cr. P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this Court has recognized, we are not required to take such action. *State v. Bell*, 51,312 (La. App. 2 Cir. 5/17/17), 222 So. 3d 79; *State v. Pena*, 43,321 (La. App. 2 Cir. 7/30/08), 988 So. 2d 841. The State did not object to the error and Grant was not prejudiced in any way by the failure to impose the mandatory fine. Thus, we decline to remand the case for correction of the sentence to include a fine. *See also State v. Murray*, 42,655 (La. App. 2 Cir. 10/24/07), 968 So. 2d 916, *writ denied*, 08-0468 (La. 11/14/08), 996 So. 2d 1083.

## CONCLUSION

For the foregoing reasons, we affirm Rickey Grant's conviction for computer-aided solicitation of a minor and affirm his sentence of six years at hard labor.

**AFFIRMED.**

6