998 So.2d 184 (2008)
STATE of Louisiana
v.
Samuel Elliott PENTON.
No. 2008 KA 0551.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
*185 James D. "Buddy" Caldwell, Attorney General, Stephen C. Martin, Asst. Attorney General, Baton Rouge, LA and Scott M. Perrilloux, District Attorney, Patricia Parker, Asst. District Attorney, Amite, LA, for State, Appellee.
Mary E. Roper, Baton Rouge, LA, for Defendant-Appellant, Samuel Elliott Penton.
Before PARRO, McCLENDON, and WELCH, JJ.
WELCH, J.
The defendant, Samuel Elliott Penton, was charged by grand jury indictment with one count of computer-aided solicitation for sexual purposes, a violation of La. R.S. 14:81.3, and initially pled not guilty. Following the denial of his motions to suppress and to quash, he withdrew his former plea and pled no contest, while reserving his right to seek review of the court's ruling on the motion to quash and the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to two years at hard labor. The defendant now appeals, contending that the trial court erred in denying the motion to quash the indictment. We affirm the conviction and sentence.

FACTS
On July 24, 2006, the defendant contacted Tangipahoa Parish Sheriff's Deputy Rebecca L. Scivicque, who was posing as "Jessie_grl14," in an internet chat room. Deputy Scivicque repeatedly told the defendant that she was fourteen years old. She also told him that she attended Hammond High School. The defendant was twenty-three years old.
The defendant asked Deputy Scivicque about her relationship with her parents, and she told him that her father was "not in the pic," and her mother worked at night. The defendant told Deputy Scivicque, "well just let me know if u[sic] want some company and daddy will come take care of ya [sic]." Deputy Scivicque asked what the defendant had in mind, and he replied he could not tell her over the computer, but stated "trust me[,] ill [sic] take care of u[sic]" and promised that she would be "satisfied." Deputy Scivicque asked the defendant if he was asking to come over, and he replied "if u[sic] want me," and told her to call him on his cellular telephone. The defendant then asked, "but what if i[sic] do want to come over tonite [sic] would u[sic] like that?" Deputy Scivicque replied "Sure." She asked if the defendant would bring "rubbers ... and things," and the defendant told her he had it "under control." He was subsequently arrested after he arrived at the address provided by Deputy Scivicque. He had two condoms in his wallet and one in his car.

CONSTITUTIONALITY OF LA. R.S. 14:81.3
In his sole assignment of error that the trial court erred in denying his motion *186 to quash, the defendant argues La. R.S. 14:81.3 violates the First Amendment of the United States Constitution and Article I, section 7 of the Louisiana Constitution by suppressing a large amount of speech that adults have a constitutional right to express and receive. He also argues that the State does not have a compelling interest in preventing adults from soliciting seventeen-year-olds for sexual purposes and, thus, the statute is invalid on its face.
Statutes are generally presumed to be constitutional, and the party challenging the validity of a statute bears the burden of proving that it is unconstitutional. Unlike the federal constitution, a state constitution's provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people of a state, exercised through its legislature. Therefore, the legislature may enact any legislation the State constitution does not prohibit. The Louisiana Supreme Court has consistently held that legislative enactments are presumed valid and their constitutionality should be upheld when possible. State v. Hatton, 2007-2377, pp. 13-14 (La.7/1/08), 985 So.2d 709, 719.
According to the First Amendment overbreadth doctrine of the Supreme Court of the United States, a statute is facially invalid if it prohibits a substantial amount of protected speech. The doctrine seeks to strike a balance between competing social costs. On the one hand, the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas. On the other hand, invalidating a law that in some of its applications is perfectly constitutional particularly a law directed at conduct so antisocial that it has been made criminalhas obvious harmful effects. In order to maintain an appropriate balance, the Supreme Court has vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the plainly legitimate sweep. Invalidation for overbreadth is strong medicine that is not to be casually employed. United States v. Williams, ___ U.S. ___, ___, 128 S.Ct. 1830, 1838, 170 L.Ed.2d 650 (2008).
Prior to amendment by 2008 La. Acts, No. 25, § 1 and 2008 La. Acts, No. 646, § 1, La. R.S. 14:81.3, in pertinent part, provided:
A. Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct ... or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or person reasonably believed to have not yet attained the age of eighteen.
The defendant moved to quash the indictment, contending that the indictment failed to charge an offense which was punishable under a valid statute. He specifically argued that La. R.S. 14:81.3 was presumed invalid on its face because it suppressed protected speech. His motions to quash were denied.
We do not find any error. Louisiana Revised Statutes 14:81.3 directly advances a compelling state interest. It is evident beyond the need for elaboration that a state's interest in safeguarding the physical and psychological well-being of a minor is compelling. Further, the prevention of *187 sexual exploitation and abuse of children constitutes a government objective of surpassing importance. New York v. Ferber, 458 U.S. 747, 756-57, 102 S.Ct. 3348, 3354-55, 73 L.Ed.2d 1113 (1982).
Louisiana Revised Statutes 14:81.3 is narrowly tailored to prohibit criminal conduct, rather than protected speech. It is illegal to solicit a child for sex. See La. R.S. 14:27 and La. R.S. 14:42(A)(4) (attempted aggravated rape; child under the age of thirteen years); La. R.S. 14:27 and La. R.S. 14:80(A)(1) (attempted felony carnal knowledge of a juvenile; child thirteen years of age, but less than seventeen years of age); La. R.S. 14:27 and La. R.S. 14:80.1 (attempted misdemeanor carnal knowledge of a juvenile; child fifteen years of age or older but less than seventeen). This illegal conduct is not suddenly shielded from criminal liability when the pedophile hides behind a computer screen. Offers to engage in illegal transactions are categorically excluded from First Amendment protection. See Williams, ___ U.S. at ___, 128 S.Ct. at 1842; see also Byers v. Edmondson, 97-0831, p. 13 (La.App. 1st Cir.5/15/98), 712 So.2d 681, 689, writ denied, 98-1596 (La. 10/9/98), 726 So.2d 29, cert. denied sub nom, Time Warner Entertainment Co., L.P. v. Byers, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999) (recognizing that solicitation of crime may be prevented or punished by the State consistent with the principles of the First Amendment). Because La. R.S. 14:81.3 is not substantially overbroad, it is unnecessary to consider its application to situations other than those which Louisiana may restrict consistent with the First Amendment. See Ferber, 458 U.S. at 767-74, 102 S.Ct. at 3360-63.
This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.