DREW, J.
 

 | ¶Michael Scott Howard was charged by bill of information with four counts of Computer-Aided Solicitation of a Minor (La. R.S. 14:81.3) and two counts of Indecent Behavior with a Juvenile (La. R.S. 14:81). Pursuant to a plea agreement, he pled guilty to Count One (computer-aided solicitation of a minor) and Count Six (indecent behavior with a juvenile), with an agreement that:
 

 • the sentences would be served concurrently;
 

 • the remaining charges would be dismissed;
 

 • the state would not file a habitual offender bill of information; and
 

 • the state would not seek any other sentencing enhancements.
 

 The trial court sentenced the defendant on Count One to serve ten years of imprisonment at hard labor, without benefit of probation, parole or suspension of sentence, and on Count Six to serve seven years at hard labor, with the sentences to be served concurrently.
 

 The defendant’s motion to reconsider sentence, urging only excessiveness of sentence, was subsequently denied by the trial court. Howard now appeals his sentence as excessive. We affirm.
 

 During June of 2007, the defendant repeatedly entered a chat room and text-messaged a person he was told was fourteen years of age. The child was actually
 
 *291
 
 nonexistent, as his pen pal was an undercover agent of the Louisiana State Police.
 

 Our law on the review of excessive sentences is well settled.
 
 [1]
 

 |gOn this record, we do not find constitutional error. The record indicates that defendant is a fourth felony offender who had already been given too many chances. His felony record:
 

 • 1990 — burglary, Texas City, Texas, seven years of probation, revoked;
 

 • 1991 — larceny, Lakeview, Texas, four months with ten years of probation; and
 

 • 2000 — burglary, second degree, Gunni-son County, Colorado, six months with four years of probation.
 

 Furthermore, the defendant received substantial benefits as a result of the plea bargain agreement outlined at the beginning of this opinion. We do not find that the defendant’s sentence is grossly disproportionate to the severity of the offenses here or that the sentence is in any way shocking to our sense of justice.
 

 DECREE
 

 For the foregoing reasons, the conviction and sentence are AFFIRMED.
 

 [1]
 

 . Since defendant’s motion for reconsideration merely alleged that the sentence is excessive, under
 
 State v. Mims,
 
 619 So.2d 1059 (La. 1993), he is "simply relegated to having the appellate court consider the bare claim of excessiveness.” This bare claim preserves only a claim of constitutional excessiveness,
 
 Mims, supra; State v. McEachern,
 
 624 So.2d 43 (La.App. 2d Cir. 1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733;
 
 State v. White,
 
 37,815 (La.App.2d Cir. 12/17/03), 862 So.2d 1123. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La. 1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379.