# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-150**


**STATE OF LOUISIANA**

**VERSUS**

**MICKEY J. SUIRE, JR.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13617-06
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**JOHN D. SAUNDERS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.


**AFFIRMED.**

**John Foster DeRosier**
**14th JDC District Attorney**
**Carla S. Sigler, Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**Peggy J. Sullivan**
**La. Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant/Appellant:**
**Mickey J. Suire, Jr.**

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY**

On September 27, 2006, the Defendant was charged by bill of information with two counts of computer-aided solicitation of a minor, violations of La.R.S. 14:81.3. The bill of information was amended on January 24, 2007, to reflect that count two was *nolle prosequi*. The Defendant was found guilty on April 2, 2008, following a two-day jury trial. On May 14, 2008, the Defendant was sentenced to three years at hard labor, without benefit of probation, parole, or suspension of sentence. The Defendant was also given credit for time served. A Motion to Reconsider Sentence was filed on June 24, 2008, and summarily denied.

The Defendant first made contact with an undercover agent posing as a fifteen-year-old female in a Yahoo internet chat room on July 29, 2006. The undercover agent's screen name was sundaysinger15. The Defendant chatted with sundaysinger15 on several occasions over the next six days. On August 4, 2006, the Defendant's conversation became sexual in nature, and he exposed his penis to sundaysinger15 via his webcam. The following day, August 5, 2006, the sexual magnitude of their conversation escalated when sundaysinger15 agreed to "talk nasty." During the conversation, the Defendant instructed sundaysinger15 to touch her breasts and vagina while he was touching himself, and then he masturbated in front of his webcam for sundaysinger15 to observe his actions.

The Defendant is now before this court on appeal, asserting that the evidence is not sufficient to support his conviction and that his sentence is excessive. We affirm the Defendant's conviction and sentence.

The Defendant alleges the following assignments of error:

**ASSIGNMENTS OF ERROR**:

1.    The evidence at trial was insufficient to convict Mr. Suire of the computer-aided solicitation of a minor.

2.    The sentence ultimately imposed was unconstitutionally harsh and excessive given the facts and circumstances of this case.

**LAW AND DISCUSSION OF THE MERITS:**

Evidence

In his first assignment of error, the Defendant argues that the evidence is not sufficient for his conviction. The Defendant concedes that he masturbated in front of his webcam when he could have assumed the purported fifteen-year-old was observing his action. The Defendant contends, however, that he did not engage in this conduct in the "presence" of the purported fifteen-yea-old, and thus, the State did not prove all of the elements of the offense. The Defendant asserts that the word "presence" should be strictly construed to mean the physical presence of another person. The Defendant misconstrues the meaning of the statute.

The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Computer-aided solicitation of a minor is defined in La.R.S. 14:81.3 as follows:

> A. Computer-aided solicitation of a minor is committed when a person seventeen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of seventeen where there is an age difference of greater than two years, or a person reasonably believed to have not yet attained the age of seventeen and reasonably believed to be at least two years younger, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of seventeen, or person reasonably believed to have not yet attained the age of seventeen. It shall also be a violation of the provisions of this Section when the contact or communication is initially made through the use of electronic textual communication and subsequent communication is made through the use of any other form of communication.

The legislature also defined the meaning of the terms "electronic textual communication" and "sexual conduct" in La.R.S. 14:81.3(D) as follows:

> (1)"Electronic textual communication" means a textual communication made through the use of a computer on-line service, Internet service, or any other means of electronic communication, including but not limited to a local bulletin board service, Internet chat room, electronic mail, or on-line messaging service.
>
> (2) "Sexual conduct" means actual or simulated sexual intercourse, deviant sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, lewd exhibition of the genitals, or any lewd or lascivious act.

The State argues that the Defendant's narrow interpretation of the statute would render it ineffectual and maintains that the statute must be broadly construed to give it effect. The State asserts that the statute envisions modern means of electronic communication and that the term "presence" no longer means that a person must be physically adjacent to another in this day and age of instant messaging, webcams and

3

chat rooms.

Next, the State contends that the Defendant tried to persuade a person he thought to be fifteen years old to engage in sexual conduct. The Defendant also encouraged her to purchase a webcam and to call his cell phone. Ultimately, the Defendant masturbated in front of his intended victim via his webcam and encouraged her to do the same. Accordingly, the State concludes that the Defendant's conduct was sufficient to convict the Defendant of the offense.

We are in agreement with the State's position. The computer aided solicitation of a minor statute contemplates two scenarios in which a person can be in violation thereof. The first such scenario addresses the perpetrator's conduct that intends to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct. We find that there was sufficient evidence to convict the defendant on this prong alone. The second scenario envisions the perpetrator's communication with the intent to engage or participate in sexual conduct in the presence of the young victim. In both cases, it is the communication and intent, not the end-resulting contact, that the statute is addressing. Because of the broad language of the legislation, the Defendant's conduct falls within the scope of both sections.

As was discussed above, "sexual conduct" is a broad term that the legislature defined in La.R.S. 14:81.3(D)(2) as "actual or simulated sexual intercourse, deviant sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, lewd exhibition of the genitals, or any lewd or lascivious act." It is clear that the Defendant attempted to induce or entice sundaysinger15 into engaging in masturbation. At one point in their communications, the Defendant instructed sundaysinger15 to fondle her breasts and genitalia while he did the same. Further comments by the Defendant,

4

suggesting that he would be gentle in taking sundaysinger15's virginity, clearly fall within the scope of this statute as incitations to sexual intercourse. Additionally, lewd or lascivious behavior is defined in *State v. Cloud*, 06-877 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, 272, *writ denied*, 07-86 (La. 9/21/07), 964 So.2d 331, as an act "which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner." Along with the acts discussed above, the Defendant asked sundaysinger15 if she would engage in "x-rated" or "nasty" conversation. He discussed his past sexual history, the size of his penis, and sundaysinger15's experience with phone sex. We find that these are all topics of a lewd or lascivious nature, as they tend to excite lust or deprave the morals.

Notwithstanding our finding that the Defendant violated the statute for the above reasons, we will briefly address his argument as to "presence," as it is used in La.R.S. 14:81.3(A). After examining the legislative history of the statute and the inherent nature of law policing computer-aided solicitation, it is evident that the existence of "presence" in the regulation does not limit its enforcement to only those acts committed in the actual physical presence or the immediate vicinity of the victim. It is apparent that the legislation intended to establish a completed crime, as opposed to an attempted one, upon the initiation, solicitation, or incitement by the perpetrator. "Presence" has no bearing on the offending act, which is *communicating* through the use of electronic textual communication *with the intent* to engage or participate in sexual conduct. It merely describes the eventual hoped-for contact. It is not the sexual conduct itself to which this statute applies. The Defendant *intended* to eventually engage in sexual interlude with sundaysinger15, as he made it clear in a

5

variety of ways, including communicating his plan to be gentle when taking her virginity.

For the reasons provided above, we find that there was sufficient evidence at trial to convict the Defendant of computer-aided solicitation of a minor.

<u>Sentencing</u>

By his second assignment of error, the Defendant argues that the sentence imposed was unconstitutionally harsh. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense

6

committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The sentencing range for computer-aided solicitation of a minor is two to ten years at hard labor, without benefit of parole, probation, or suspension of sentence, when the victim is a person reasonably believed to be less than seventeen years old. La.R.S. 14:81.3(B)(1)(c). As such, the Defendant's three-year sentence was near the minimum possible sentence. Additionally, the Defendant was spared a possible fine of up to $10,000.00.

At sentencing, the Defendant asserted that if the trial court chose to impose a sentence beyond the twenty-one months already served in the parish jail, then the sentence imposed should be in the lower range for the offense. The Defendant pointed out that he never left his house, he actively avoided meeting with the alleged minor, and he was convicted by a ten-to-two verdict solely on an uncorroborated conversation had over a computer.

Additionally, the Defendant argued that under La.R.S. 14:81.3 there are three different grades of offenses: 1. offenses involving a "real live" victim and actual physical contact by the offender, the worst grade of offenses, 2. offenses involving a sting operation with an undercover agent and an attempt at physical contact by the offender, an intermediate grade of offenses, and 3. offenses involving a sting operation with an undercover agent wherein the offender does not attempt to meet with the victim, the lowest grade of offenses.

7

He added that he had no history of violent offenses or any other felony offenses. Also, the Defendant participated in self-improvement programs including Healing & Eliminating Abusive Relationships Through Scripture (HEARTS) and several bible studies.

The trial court observed that although the Defendant's case was a good case for probation, La.R.S. 14:81.3 did not allow for probation. The State questioned the philosophy of the sentencing scheme of La.R.S. 14:81.3. It explained that had the Defendant actually molested someone or committed indecent behavior, he would have been eligible for probation and been required to attend sex offender counseling. Instead, the Defendant must serve two years with no subsequent avenue for sex offender counseling.

Only three cases have been reported involving this offense wherein the sentence was challenged, *State v. Cloward*, 42,123 (La.App. 2 Cir. 6/20/07), 960 So.2d 356, *State v. Howard*, 43,895 (La.App. 2 Cir. 2/25/09), 4 So.3d 290, and *State v. Murray*, 42,655, 42,656, 42,657, 42,658 (La.App. 2 Cir. 10/24/07), 968 So.2d 916, *writ denied*, 08-468 (La. 11/14/08), 996 So.2d 1083. The maximum sentence was imposed in each case. The facts of these cases, however, are not similar to the instant case as they involved extensive communication with actual victims as well as actual physical contact. Additionally, both cases bore evidence of emotional and psychological harm to the victim. Morever, in *Murray*, a prior report of a similar incident involving internet communication between the defendant and an eleven-year-old girl was considered at sentencing.

In the instant case, it is clear from the record that a probated sentence, although not allowed, would have been appropriate for the Defendant. The reason for the trial

8

court's departure from the minimum two year sentence, however, is unclear.

Considering the Defendant and the facts of this case, however, we find that the sentence is appropriate. The Defendant intentionally communicated with a person whom he believed to be a fifteen-year-old girl, gained her confidence over several days, encouraged her to participate in sexual activity, and ultimately exposed himself while masturbating. The Defendant's near-minimum sentence with no fine reflects a lesser grade of the offense. Lastly, the trial court considered the mitigating factors, including the Defendant's limited education and the fact that he had no prior felony convictions. Accordingly we find that this assigned error is without merit.

**CONCLUSION:**

For the reasons provided above, we affirm the conviction of the Defendant for the computer-aided solicitation of a minor and the sentence imposed by the trial court.

**AFFIRMED**.