BROWN, Chief Judge.
 

 |20n October 29, 2007, defendant, Joel Rene Whitmore, was charged by separate bills of information with two counts of indecent behavior with a juvenile (someone whom he believed to be a 12-year-old girl), in violation of La. R.S. 14:81, and four counts of computer-aided solicitation of a minor, in violation of La. R.S. 14:81.3. Defendant waived his right to jury trial and on December 29, 2009, after considering a joint stipulation and evidentiary submissions in lieu of live testimony (transcripts of text messages and chats, and a CD of phone conversations), the trial court found defendant guilty as charged. On April 13, 2010, defendant was sentenced to serve four years at hard labor without the benefit of parole, probation or suspension of sentence for each count of computer-aided solicitation of a minor. These sentences were to run concurrently, for a total of four years. Defendant was also sentenced to serve four years at hard labor, for each count of indecent behavior with a juvenile, to be served concurrently with each other but consecutively to his sentences for solicitation of a minor. The four-year concurrent sentences for indecent behavior were suspended and following his four-year prison term for computer-aided solicitation, defendant is to be placed on five-year active, supervised probation with the condition that he not own or possess a computer during his probation. Defendant was also instructed to register as a sex offender in accordance with La. R.S. 15:541,
 
 et. seq.
 
 Defendant now appeals his convictions and sentences. For the following reasons, we affirm.
 

 laFacts
 

 On February 19, 2008, defendant filed a pretrial motion to quash, contending that the two statutes (La. R.S. 14:81 and La. R.S. 14:81.3) were unconstitutional, arguing,
 
 inter alia,
 
 that the statutes were overly broad and/or vague and impinged on his right to privacy and freedom of expression. That same day, the trial court denied defendant’s motion, finding that this motion
 
 *586
 
 relied on factual disputes to be determined at trial. The trial court also found the language of the statutes to be clear and unambiguous.
 

 On April 7, 2008, defendant pled not guilty and waived his right to a jury trial. On August 21, 2009, the date set for defendant’s bench trial, the state and defendant offered into evidence a joint stipulation, executed by the state, in lieu of calling witnesses to testify. The trial court informed defendant that by allowing the joint stipulation he was waiving his right to a trial by jury and his right to confront his accusers or witnesses against him.
 

 The joint stipulation revealed that a sting operation had been conducted by the Bossier Parish Police Department. Officer Matt Wright posed as a 12-year-old female using the screen name “Liltara-leel2” to communicate through electronic text messages with defendant. Several online conversations ensued with defendant, whose screen name was “Sagel066,” and whose date of birth is October 5, 1966: on March 20, 2007; June 4, 2007; June 19, 2007; June 22, 2007; June 26, 2007; July 16, 2007, and July 17, 2007. Officer Shelly .Anderson, posing as the same 12-year-old female using the screen name “Liltara-leel2,” engaged in two telephone conversations with defendant on June 19, 2007, and July 17, 2007. The content of the transcripts and a recording of the phone conversations set forth the following facts.
 

 On June 4, 2007, defendant, using the screen name “Sagel066,” sent an electronic message over the Internet to “Liltara-leel2,” a person he believed to be a 12-year-old child. During the conversation, defendant asked “Liltaraleel2” how “experienced” she was with boys, described his past sexual experiences with a 16-year-old girl and a 14-year-old girl, and told her he could teach her to masturbate. He also asked her if she had ever |4performed oral sex on a guy or allowed someone to perform oral sex on her. He told her that all the sex talk had gotten him excited and he was going to look at her picture and masturbate.
 

 On June 19, 2007, defendant told “Liltar-aleel2” that she needed to learn how to masturbate, talked about her having an orgasm, and told her that he would talk her through masturbating if she called him. Defendant told her it was more exciting to share “it” with someone. He also volunteered to watch her when she urinated and to “wipe” it with his tongue. Defendant sent “Liltaraleel2” two links to a pornographic website so that she could learn how to masturbate. Officer Anderson, posing as “Liltaraleel2” called defendant. During the phone conversation, defendant attempted to instruct “Lil-taraleel2” how to masturbate, giving her step-by-step directions.
 

 On June 22, 2007, defendant contacted “Liltaraleel2” through electronic text communication and during the course of their conversation “Liltaraleel2” asked defendant if she was old enough for him. Defendant told her that she was not legally old enough for him, but if she thought she was then it was settled, they should get married. Since she was still a virgin, though, “we’ll have to fix that.” Defendant told her she would be the only cheerleader on the squad with a husband. Defendant also asked “Liltaraleel2” if she had looked at the pornographic website, talked about his penis size, and told her that she needed to try to “get herself off’ if she hadn’t.
 

 On June 26, 2007, defendant again made contact with “Liltaraleel2” through electronic text communication. “Liltaraleel2” indicated that she would be staying with her 13-year-old cousin that week. Defendant told her that she should practice masturbating with her cousin. He offered to
 
 *587
 
 drive up there and “show you” and said “I’ll do yours and you can do mine.” However, he said he would never come unless “you invited me.” He also discussed “Lil-taraleel2” and her cousin performing oral sex on him in exchange for him bringing “the good stuff’ (i.e. alcoholic beverages). They discussed age again and defendant said while he was too old for a long-term relationship they could have fun (“movies, talking, sex, alcohol, shopping”). |5 Defendant reassured “Liltaraleel2” there are tons of ways to have sex without actually “f**king.”
 

 On July 17, 2007, defendant asked “Lil-taraleel2” if she was practicing her masturbation. Also on July 17, 2007, Officer Anderson, posing as “Liltaraleel2,” called defendant, who again gave her step-by-step instructions to assist her in .masturbating.
 

 On December 29, 2009, the trial court, after considering the joint stipulation and attached exhibits, found defendant guilty of four counts of computer-aided solicitation of a minor and two counts of indecent behavior with juveniles.
 
 [1]
 
 The trial court ordered a pre-sentence investigation report.
 

 On April 9, 2010, defendant filed a motion for new trial alleging that the trial court erred in denying his motion to quash and that the verdict was contrary to the law and evidence. He also filed a motion for post-verdict judgment of acquittal, a motion to depart from the mandatory minimum sentence, and a motion in arrest of judgment.
 

 On April 13, 2010, defendant appeared for sentencing. The trial court first addressed defendant’s motion for post-verdict judgment of acquittal, rejecting the argument that defendant could only be found guilty of attempted computer-aided solicitation of a minor because he did not actually communicate with a minor. Specifically, the trial court held that the statute for computer-aided solicitation of a minor defined the offense to include situations where the offender contacted a “person reasonably believed to have not yet attained the age of 18 ...”
 

 The trial court also denied defendant’s motion in arrest of judgment, again rejecting both the argument that the statutes were unconstitutionally vague and that the statute for computer-aided solicitation of a minor violated defendant’s due process rights by preventing him from presenting a defense based on consent (referring to the undercover police officer’s consent to the communication). The trial court denied defendant’s motion for new trial, finding no new evidence requiring that a new trial be granted.
 

 The trial court also denied defendant’s motion to depart from the mandatory minimum sentence on the counts of computer-aided solicitation |6of a minor for sexual purposes, finding that defendant’s conduct was precisely the type the legislature intended to punish by at least two years of imprisonment.
 

 After acknowledging that it had considered defendant’s pre-sentence investigation report, character letters submitted by his friends and family, and the sentencing guidelines set forth in La. C. Cr. P. art. 894.1, the trial court sentenced defendant. For each of the four counts of computer-aided solicitation of a minor, the trial court imposed a sentence of four years at hard labor without the benefit of parole, probation or suspension of sentence, with the sentences to run concurrent. For each of the two counts of indecent behavior with juveniles, the trial court imposed a suspended sentence of four years at hard
 
 *588
 
 labor, to run concurrently with each other but to run consecutively with his sentences for computer-aided solicitation of a minor. After serving his four-year cumulative sentence for solicitation, defendant is to be placed on five years active probation. During that time he is prohibited from owning or possessing a computer. Defendant was also informed of the sex offender registry requirements in accordance with La. R.S. 15:541,
 
 et. seq.
 

 On May 12, 2010, defendant filed a motion to reconsider sentence, urging that the sentences imposed for the four counts of computer-aided solicitation of a minor were excessive. On June 2, 2010, the trial court denied defendant’s motion. This appeal ensued.
 

 Discussion
 

 Sufficiency of Evidence/Denial of Motion for Motion for Post Verdict Judgment of Acquittal
 

 Defendant contends that insufficient evidence existed to convict him of computer-aided solicitation of a minor and therefore the trial court erred in denying his motion for post-verdict judgment of acquittal. Specifically, defendant claims that there was no evidence that he was ever in the presence of the alleged minor or that he attempted to set up a meeting with the minor.
 

 According to the state sufficient evidence existed to convict defendant under La. R.S. 14:81.3; however, the this court has held that Louisiana’s attempt statute rejects factual impossibility as a defense because “it sháll be immaterial whether, under the circumstances, [a defendant] would have actually accomplished his purpose.”
 
 State v. Prine,
 
 44,229 (La.App.2d 17Cir.05/20/09), 13 So.3d 758,
 
 writ denied,
 
 09-1361 (La.02/05/10), 27 So.3d 298.
 
 See also State v. Thurston,
 
 04-937 (La.App. 5th Cir.03/01/05), 900 So.2d 846,
 
 writs denied,
 
 05-1332, 05-1342 (La.01/09/06), 918 So.2d 1040, 1041 (in which the Fifth Circuit held that the fact that the victim was fictitious was not fatal to a charge of attempted aggravated rape). La. R.S. 14:81.3 was enacted after
 
 State v. Thurston, supra,
 
 and specifically provides that a fictitious victim is not a defense.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 01-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Cummings,
 
 95-1377 (La.02/28/96), 668 So.2d 1132;
 
 State v. Murray,
 
 36,137 (La.App.2d Cir.08/29/02), 827 So.2d 488,
 
 writ denied,
 
 02-2634 (La.09/05/03), 852 So.2d 1020.
 

 La. R.S. 14:81.3, in 2007,
 
 [2]
 
 defined computer-aided solicitation of a minor as follows:
 

 (A) Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime
 
 *589
 
 of violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or the person reasonably believed to have not yet attained the age of eighteen.
 

 The legislature also defined the meaning of the terms “electronic textual communication” and “sexual conduct” in La. R.S. 14:81.3(D) as follows:
 

 (1) “Electronic textual communication” means a textual communication made through the use of a computer on-line | ^service, Internet service, or any other means of electronic communication, including, but not limited to a local bulletin board service, Internet chat room, electronic mail, or online messaging service.
 

 (2) “Sexual conduct” means actual or simulated sexual intercourse, deviant sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, lewd exhibition of the genitals, or any lewd or lascivious act.
 

 The Third Circuit Court of Appeal has thoroughly addressed the proof required to convict a person under La. R.S. 14:81.3 in
 
 State v. Suire,
 
 09-150 (La.App. 3d Cir.10/07/09), 19 So.3d 640. In
 
 State v. Suire, supra,
 
 the defendant claimed that insufficient evidence existed to convict him because he did not engage in sexual conduct in the presence of a purported 15-year-old (although he admitted that he masturbated in front of his webcam when the alleged child could have been watching). The defendant contended that the word “presence” should be strictly construed to require the physical presence of the other person.
 

 The Third Circuit rejected the defendant’s argument. In doing so, the court held that a plain reading of La. R.S. 14:81.3 reveals two situations in which a person could be in violation of the statute. The first such scenario, or prong, addresses the perpetrator’s communication that intends to persuade, induce, entice or coerce the person to engage or participate in sexual conduct. The second scenario envisions the perpetrator’s communication with the intent to engage or participate in sexual conduct in the presence of the young victim. In both cases, it is the communication and intent, not the end-resulting contact, that the statute addresses.
 

 Given the foregoing, the court in
 
 State v. Suire, supra,
 
 found that the defendant’s communications fell under the first prong because they were intended to persuade the purported 15-year-old to engage in “sexual conduct” as broadly defined by La. R.S. 14:81.3. Specifically, when the defendant sent textual communication with the intention of enticing the alleged child to masturbate, an activity undoubtedly falling into the category of “sexual conduct,” he violated the first prong. Additionally, defendant’s comments that he would be gentle in taking the girl’s virginity constituted communication to induce or entice the alleged child to engage in a “lewd or lascivious act,” which also fell within the category of “sexual conduct” as ^defined under La. R.S. 14:81.3(D)(2). Furthermore, conversations regarding the defendant’s past sexual history, the size of his penis and the purported 15-year-old’s experience with phone sex were all topics of a lewd and lascivious nature and provided sufficient evidence that the defendant violated La. R.S. 14:81.3 by engaging in communication defined as such in the first prong of the statute.
 

 The Third Circuit, notwithstanding the fact that it had already found sufficient evidence for a conviction, also addressed the defendant’s claim that insufficient evidence existed to convict him of computer-
 
 *590
 
 aided solicitation of a minor because he was never in the “presence” of the purported 15-year-old. Considering the legislature’s purpose in enacting La. R.S. 14:81.3, and the “inherent nature of law policing computer-aided solicitation,” the court in
 
 State v. Suire, supra,
 
 found that it was evident that the requirement of “presence” in the statute did not limit its enforcement to only those acts committed in the actual physical presence or immediate vicinity of the victim. Instead, the legislature intended to establish and define a completed crime, as opposed to an attempted one, upon the initiation, solicitation, or incitement by the perpetrator. “Presence” has no bearing on the offending act, which is communicating through the use of electronic textual communication with the intent to engage or participate in sexual conduct. “Presence” merely describes the eventual hoped-for conduct. It is not the sexual conduct itself to which this statute applies, noted the Third Circuit in
 
 State v. Suire, supra.
 

 The trial court did not err in denying defendant’s motion for post-verdict judgment of acquittal. There was sufficient evidence to convict him of four counts of computer-aided solicitation of a minor. As noted by the court in
 
 State v. Suire, supra,
 
 La. R.S. 14:81.3 contemplates two scenarios in which a person can commit computer-aided solicitation of a minor. Defendant’s electronic textual communications with a person he believed to be a 12-year-old female provide sufficient evidence to convict him under either prong.
 

 Defendant, via electronic textual communication, told “Liltaraleel2” on five separate occasions that she should masturbate. The detailed, explicit conversations provided sufficient evidence that defendant violated La. R.S. 11014:81.3 when he “knowingly contacted] or communieat[ed], through the use of electronic textual communication, with a person ... .reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct ...” La. R.S. 14:81.3.
 

 Defendant’s claim that insufficient evidence existed to convict him of computer-aided solicitation because he was never in the presence of “Liltaraleel2” is unconvincing for several reasons. First, as discussed above, sufficient evidence exists to convict defendant under the first prong of La. R.S. 14:81.3. Furthermore, as explained in
 
 State v. Suire, supra,
 
 the second part of La. R.S. 14:81.3 does not require “presence” in the sense of actual physical presence with the real or purported minor, but merely the eventual hoped-for contact. Defendant’s communication with “Liltara-leel2” wherein he asked if she (and her 13-year-old cousin) would meet him to go to a hotel for sex and if the two young girls would perform oral sex on him provides sufficient evidence that he contacted her with the intent to participate in sexual conduct in her presence.
 
 See State v. Suire, supra.
 

 This assignment is without merit.
 

 Denial of Motion to Quash/Motion in Arrest of Judgment
 

 According to defendant, the trial court erred in denying the Motion to Quash and Motion in Arrest of Judgment which raised issues concerning the validity and constitutionality of the statute of computer-aided solicitation of a minor, R.S. 14:81.3, and the statute of indecent behavior with juveniles, R.S. 14:81(A)(2), as applied to the facts of this case as they denied him the right to free speech and the right to present a defense.
 

 (1) Defendant first argues that La. R.S. 14:81(A)(2) is unconstitutional under the First Amendment.
 

 La. R.S. 14:81(A)(2), at the time of defendant’s conduct in 2007,
 
 [3]
 
 provided, in pertinent part that:
 

 
 *591
 
 (A) Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
 

 [[Image here]]
 

 |n(2) The transmission of an electronic textual communication or an electronic visual communication depicting lewd or lascivious conduct, text, or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.
 

 Statutes are generally presumed to be constitutional and the party challenging the validity of the statute bears the burden of proving it is unconstitutional.
 
 State v. Hatton,
 
 07-2377 (La.07/01/08), 985 So.2d 709;
 
 State v. Fleury,
 
 01-0871 (La.10/16/01), 799 So.2d 468;
 
 State v. Brenner,
 
 486 So.2d 101 (La.1986).
 

 The right to free speech is subject to reasonable legislative regulation.
 
 New York v. Ferber,
 
 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982);
 
 U.S. v. Williams,
 
 553 U.S. 285,128 S.Ct. 1830, 170 L.Ed.2d 650 (2008);
 
 City of New Orleans v. Kiefer,
 
 246 La. 305, 164 So.2d 336 (La. 1964). The United States Supreme Court has “long held that obscene speech — sexually explicit material that violates fundamental notions of decency — is not protected by the First Amendment.”
 
 U.S. v. Williams, supra; Roth v. United States,
 
 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957);
 
 Chaplinsky v. New Hampshire,
 
 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). However, criminal responsibility may not be imposed in cases involving obscene speech without some element of scienter on the part of the defendant.
 
 Smith v. People of the State of California,
 
 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959);
 
 State v. Cinel,
 
 94-0942 (La.l1/30/94), 646 So.2d 309,
 
 cert. denied,
 
 516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995).
 

 The Supreme Court stated in
 
 Miller v. California,
 
 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed. 419 (1973), that “the States have a legitimate interest in prohibiting dissemination or exhibition of obscene material when the mode of dissemination carries with it a significant danger of offending the sensibilities of unwilling recipients or of exposure to juveniles.” Moreover, the Supreme Court has held that it is evident beyond the need for elaboration that a State’s interest in ‘safeguarding the physical and psychological well-being of a minor’ is ‘compelling.’
 
 New York v. Ferber, supra; State v. Penton,
 
 08-0551 (La.App. 1st Cir.10/31/08), 998 So.2d 184. The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.
 
 Id.
 

 A statute is facially invalid on First Amendment grounds if it prohibits a substantial amount of protected speech.
 
 U.S. v. Williams, supra; Ashcroft v. The Free Speech Coalition,
 
 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). This doctrine seeks to strike a balance between competing social costs.
 
 Id.; Virginia v. Hicks,
 
 539 U.S. 113, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003). In order to maintain an appropriate balance, the statute’s over-breadth must be substantial, not only in an absolute sense, but also relative to the
 
 *592
 
 statute’s plainly legitímate sweep.
 
 Id.; Board of Trustees of State University of N.Y. v. Fox,
 
 492 U.S. 469, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989);
 
 Broadrick v. Oklahoma,
 
 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Invalidation for over-breadth is “strong medicine” that is not to be “casually employed.”
 
 Id.; Los Angeles Police Dept. v. United Reporting Publishing Corp.,
 
 528 U.S. 32, 120 S.Ct. 483, 145 L.Ed.2d 451 (1999). The first step in over-breadth analysis is to construe the challenged statute to determine what speech is restricted.
 
 Id.
 
 The second step is to ascertain whether the challenged statute criminalizes a substantial amount of protected activity.
 
 Id.
 

 The Louisiana Supreme Court has repeatedly rejected the argument that La. R.S. 14:81(A)(1) is unconstitutional on overbreadth grounds.
 
 [4]
 

 See State v. Interiano,
 
 03-1760 (La.02/13/04), 868 So.2d 9;
 
 State v. Holstead,
 
 354 So.2d 493 (La.1977);
 
 State v. Prejean,
 
 216 La. 1072, 45 So.2d 627 (La.1950). Specifically, the court has held that La. R.S. 14:81(A), by using the terms “lewd and lascivious,” and “with the intention of arousing or gratifying the sexual desires of either person,” provided sufficient notice to a person as to what behavior is criminalized under the statute. In
 
 State v. Holstead, supra,
 
 the court explained that the word “lewd” means lustful, indecent and signifies that form of immorality which relates to sexual impurity carried on in a wanton manner. The word “lascivious” means tending to incite lust, indecent, obscene and tending to deprave the morals in respect to sexual relations.
 
 State v. Holstead, supra.
 

 | ^Defendant relies upon
 
 State v. Cinel supra,
 
 in support of his claim that La. R.S. 14:81(A)(2) is unconstitutional on First Amendment grounds. In
 
 State v. Cinel,
 
 the state appealed a trial court’s ruling declaring La. R.S. 14:81.1 (pornography involving juveniles) to be unconstitutional. The relevant portions of the statute in question under analysis by the court in
 
 State v. Cinel
 
 are as follows:
 

 La. R.S. 14:81.1:
 

 (A) Pornography involving juveniles is any of the following:
 

 [[Image here]]
 

 (3) The intentional possession, sale, distribution, or possession with intent to distribute of any photographs, films, videotapes, or other visual reproductions of any sexual performance involving a child under the age of seventeen.
 

 [[Image here]]
 

 (D) Lack of knowledge of the juvenile’s age shall not be a defense.
 

 The court found that section (D) unconstitutionally removed the state’s burden to prove that a defendant had the requisite intent to possess materials depicting sexual performances of children under the age of 17, as required by United States Supreme Court jurisprudence.
 
 Id.,
 
 citing
 
 New York v. Ferber, supra; Osborne v. Ohio,
 
 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).
 

 The trial court did not err in denying defendant’s motion to quash. La. R.S. 14:81 (A)(2) criminalizes the transmission, “with the
 
 intention
 
 of arousing or gratifying the sexual desires of either person,” of “lewd” or “lascivious” materials to persons reasonably believed to be under the age of seventeen years old and two years younger than the offender. The last part of section (A)(2) specifies that “[i]t shall not be a
 
 *593
 
 defense that the person who actually receives the transmission is not under the age of seventeen.” Unlike the provision in
 
 State v. Cinel, supra,
 
 La. R.S. 14:81(A)(2) does not abolish the state’s burden of proving that the offender intended to commit every element of the crime. To the contrary, in order to convict a person under La. R.S. 14:81(A)(2), the state must prove that the offender intended on sending obscene material to a juvenile under the age of seventeen, through electronic or textual transmission, in order to gratify his, or the child’s, sexual desires. The last provision of section (A)(2) simply provides |uthat incidental transmission to a person over the age of seventeen is not a defense.
 

 Furthermore, the statute does not prohibit a substantial amount of protected speech. Although La. R.S. 14:81(A)(2) allows prosecution for the transmission of materials meant to be transmitted to a minor, but actually sent to a person seventeen years or older, the statute regulates obscene materials — an unprotected category of speech.
 
 See Miller v. California, supra.
 
 Moreover, the state has a legitimate interest in preventing the dissemination of such materials to unwilling recipients or juveniles.
 
 Id.
 

 (2) Defendant also urges that La. R.S. 14:81.3 is unconstitutional as it impinges upon his First Amendment rights.
 

 Defendant contends that the district court erred in denying his motion to quash and motion in arrest of judgment because La. R.S. 14:81.8 (computer-aided solicitation of a minor) unconstitutionally infringes on his right of free speech. Specifically, defendant alleges that the Child Pornography Prevention Act (CPPA) of 1996, a federal statute that was declared unconstitutional for violating free speech rights in
 
 Ashcroft v. The Free Speech Coalition, supra,
 
 is analogous to La. R.S. 14:81.8 and therefore the Louisiana statute is unconstitutional. Defendant points out the CPPA criminalized the production of “virtual minors” for use in child pornography, while La. R.S. 14:81.3 criminalizes speech with “virtual minors” for sex solicitation. Furthermore, like the CPPA, La. R.S. 14:81.3 is overly broad because it prohibits speech which does not involve minors, and hence prohibits otherwise protected speech.
 

 The state points out that the case of
 
 State v. Fenton,
 
 08-0551 (La.App. 1st Cir.10/31/08), 998 So.2d 184, wherein the First Circuit Court of Appeal held that La. R.S. 14:81.3 did not violate the First Amendment, is persuasive on the issue and requires a finding of constitutionality. Specifically, the state notes the appeal court’s holding that because the statute serves a compelling state interest, namely, the prevention of sexual exploitation and abuse of children, it survives First Amendment scrutiny.
 

 |1BAs it read in 2007,
 
 [5]
 
 La. R.S. 14:81.3 provided in pertinent part:
 

 Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of
 
 *594
 
 violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or the person reasonably believed to have not yet attained the age of eighteen.
 

 Obscene speech — sexually explicit material that violates fundamental notions of decency — is not protected by the First Amendment.
 
 U.S. v. Williams,
 
 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008);
 
 Roth v. United States,
 
 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Offers to engage in illegal transactions are categorically excluded from First Amendment protection.
 
 U.S. v. Williams, supra; Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations,
 
 413 U.S. 376, 93 S.Ct. 2553, 37 L.Ed.2d 669 (1973);
 
 Giboney v. Empire Storage & Ice Co.,
 
 336 U.S. 490, 69 S.Ct. 684, 93 L.Ed. 834 (1949);
 
 State v. Penton, supra.
 

 A state’s interest in safeguarding the physical and psychological well-being of a minor is compelling.
 
 New York v. Ferber, supra; State v. Penton, supra.
 
 The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.
 
 Id.
 

 Louisiana statutory law prohibits the solicitation of a child for sex.
 
 See
 
 La. R.S. 14:27 and La. R.S. 14:42(A)(4) (attempted aggravated rape of a child under the age of 13); La. R.S. 14:27 and La. R.S. 14:80(A)(1) (attempted felony carnal knowledge of a juvenile; child 13 years of age, but less than 17 years of age); La. R.S. 14:27 and La. R.S. 14:80.1 (attempted 1j (¡misdemeanor carnal knowledge of a juvenile; child 15 years of age or older, but less than 17).
 

 The First Circuit rejected the argument that La. R.S. 14:81.3 is unconstitutional on overbreadth grounds.
 
 See State v. Penton, supra.
 
 In upholding La. R.S. 14:81.3 as constitutionally sound, the court found that the statute advanced a compelling state interest and was narrowly tailored to prohibit conduct and not speech. The court further noted that it is illegal to solicit a child for sex and that such conduct “is not suddenly shielded from criminal liability when the pedophile hides behind a computer screen.” The court additionally held that offers to engage in illegal transactions were excluded from First Amendment protection.
 
 State v. Penton,
 
 998 So.2d at 186-187.
 

 Defendant relies on
 
 Ashcroft v. The Free Speech Coalition, supra,
 
 wherein the United States Supreme Court found
 
 certain portions
 
 (not the entirety) of the federal Child Pornography Prevention Act (CPPA) to unconstitutionally restrict free speech. The CPPA expanded the federal government’s prohibition on child pornography by including not only pornographic images made using real children, but also images depicting children,
 
 including virtual images,
 
 appearing to show children engaged in sexually explicit conduct.
 

 Central to the court’s decision, however, was the fact that portions of the CPPA did not seek to regulate an unprotected category of speech. Specifically, the material prohibited by the CPPA did not comprise child pornography under the
 
 New York v. Ferber, supra,
 

 [6]
 

 definition nor did the images constitute “obscene” materials as defined by the Court in
 
 Miller v. California,
 
 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Therefore, because the speech regulated under the CPPA did not fit into
 
 *595
 
 a defined category of unprotected speech, by default it was considered to be constitutionally protected speech. Thus, the government had the burden of proving a compelling state interest in so regulating the protected speech and had to demonstrate that its method for doing so was narrowly tailored to target the harmful speech, and the government failed to do so.
 
 Id.
 

 |17In the instant case, the trial court did not err in denying defendant’s motion to quash because defendant failed to meet his burden of proving that La. R.S. 14:81.3 unconstitutionally denied him his right to free speech. La. R.S. 14:81.3 seeks to prohibit the online solicitation of minors (or individuals reasonably believed to be minors) to engage in sexual conduct with the offender, or to be present while the offender engages in sexual conduct. Offers to engage in illegal transactions are categorically excluded from First Amendment protection.
 
 U.S. v. Williams, supra.
 
 Therefore, Louisiana may, and has opted to, prohibit the solicitation of minors in numerous statutory provisions.
 

 Furthermore, in the event the statute unintentionally infringes on protected speech, the state has a legitimate reason to do so. It is without question that the government has a compelling interest in protecting its children from sexual exploitation and abuse.
 
 New York v. Ferber, supra; State v. Penton, supra.
 
 La. R.S. 14:81.3 is narrowly tailored to solely prohibit solicitation and does not appear to regulate any protected speech. To be convicted under the statute, the offender must attempt to “persuade, induce, entice, or coerce” the minor “to engage or participate in sexual conduct” or “engage or participate in sexual conduct in the presence” of the minor (or person reasonably believed to be a minor).
 
 See
 
 La. R.S. 14:81.3.
 

 Defendant’s argument that
 
 Ashcroft v. The Free Speech Coalition, supra,
 
 is analogous to the instant case is misplaced. La. R.S. 14:81.3 is distinguishable from the CPPA in one very important respect — it does not seek to prohibit a new form of child pornography, but instead directs its aim at a category of unprotected speech— the solicitation of minors for sex. This assignment of error is -without merit.
 

 (3) La. R.S. 14:81(A)(2) and 14:813 are unconstitutional because they violate defendant’s due process right to present a defense.
 

 According to defendant, both of these statutory provisions deny him the opportunity to raise as a defense the fact that the person he was communicating with was actually a law enforcement agent acting in an official capacity who consented to the communication,
 
 not
 
 a person under the age of seventeen.
 

 | iijVe note first that defendant did not raise his claim that La. R.S. 14:81(A)(2) denied him due process by prohibiting him from raising as a defense the fact that he was actually communicating with an undercover officer, not a minor, in either his motion to quash or motion in arrest of judgment. Therefore, this specific argument will not be addressed on appeal.
 
 See State v. Hatton,
 
 07-2377 (La.07/01/08), 985 So.2d 709;
 
 State v. Schoening,
 
 00-0903 (La.10/17/00), 770 So.2d 762;
 
 Williams v. State Dept. of Health and Hospitals,
 
 95-0713 (La.01/26/96), 671 So.2d 899.
 

 La. R.S. 14:81.3(0(3), in 2007,
 
 [7]
 
 provided in pertinent part:
 

 
 *596
 
 It is not a defense to a prosecution brought pursuant to this Section, on the basis of consent or otherwise, that the person reasonably believed to be under the age of eighteen is actually a law enforcement officer or peace officer acting in his official capacity.
 

 A defendant has the right to present any and all evidence bearing on his innocence unless prohibited by our federal and state constitutions, by law, or by jurisprudence.
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.02/28/07), 958 So.2d 890,
 
 writ denied,
 
 07-0805 (La.03/28/08), 978 So.2d 297;
 
 State v. Harrison,
 
 560 So.2d 450 (La.App. 2d Cir.1990),
 
 writ denied, State ex rel. Harrison v. Whitley;
 
 619 So.2d 569 (La.1993),
 
 State v. Patch,
 
 470 So.2d 585 (La.App. 1st Cir.1985),
 
 writ denied,
 
 475 So.2d 358 (La.1985).
 

 The trial court did not err in denying defendant’s motion to quash on the issue that defendant was unconstitutionally denied his right to present a defense by La. R.S. 14:81.3(C). As noted above, a defendant has a constitutional right to present a defense, unless he is so prevented by our federal and state constitutions, by law, or by jurisprudence. Because the statute specifically prohibits the very defense defendant attempted to raise, he was not denied due process.
 
 State v. Lathan, supra; State v. Harrison, supra.
 

 Therefore, this assignment is without merit.
 

 Denial of Motion to Depart from Statutory Minimum Sentence
 

 119Pefendant next contends that the trial court erred in denying his motion to depart from the statutory mandatory minimum two years at hard labor on the four counts of computer-aided solicitation of a minor. In support of his argument, defendant claims that the information contained in his pre-sentence investigation report and the character letters from his friends, family, and coworkers provided sufficient support to demonstrate that he is a victim of the legislature’s failure to assign a sentence that is meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case (the fact that he was actually talking to a law enforcement officer and not a minor) and his criminal history.
 

 On the other hand, the state contends that the trial court did not err in denying defendant’s motion; the court considered the circumstances of the case and the legislature’s intent to punish the very behavior engaged in by defendant.
 

 A sentence violates La. Const. Art. 1 § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless imposition of pain and suffering.
 
 State v. Anderson,
 
 36,969 (La.App.2d Cir.04/09/03), 842 So.2d 1222. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 Id.
 
 A trial court has broad discretion to sentence within statutory limits.
 
 Id.
 
 Absent a showing of a manifest abuse of discretion, a reviewing court may not set aside a sentence.
 
 Id.
 

 It is well established that the determination and definition of acts which are punishable as crimes is a purely legislative function.
 
 Id.
 
 It is the legislature’s prerogative to determine the length of the sentence imposed for crimes classified as felonies. Courts are charged with apply
 
 *597
 
 ing these punishments unless they are found to be unconstitutional.
 
 Id.
 

 The trial court did not err in denying defendant’s motion to depart from the minimum mandatory sentence under La. R.S. 14:81.3. The court, in its discretion, found that defendant’s behavior was the type the legislature intended to punish in enacting La. R.S. 14:81.3. Defendant fails to demonstrate how the court’s finding constituted a manifest abuse of discretion.
 

 19nExcessive Sentence
 

 Defendant, relying on his character and life history, alleges that the four-year hard labor sentence imposed for each of the four counts of computer-aided solicitation of a minor was excessive.
 

 The state claims that the sentence was not excessive. Specifically, the state points to the fact that defendant’s sentence of four years on each count, which are to run concurrently, was midrange for the statute of conviction. The state also notes that defendant’s four-year sentence for each of the two counts of indecent behavior with juveniles was suspended. The state cites several cases involving convictions for computer-aided solicitation of a minor wherein the defendant received a harsher sentence than defendant.
 

 La. R.S. 14:81.3(B)(1), at the time of the offenses, provided:
 

 Whoever violates the provisions of this Section shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence.
 

 The sentences imposed are not excessive. First, the record reveals that the trial court considered the factors set forth in La. C. Cr. P. art. 894.1, the pre-sentence investigation report, character letters sent from defendant’s friends and family and the statement defendant made at the sentencing hearing. The trial court noted that it had taken several things into account, including the fact that defendant had never been arrested or convicted of a crime, his positive work history, his education and that he never actually attempted to meet the purported 12-year-old. However, the trial court also found aggravating factors, such as the fact that defendant had taught high school for 20 years, believed that the purported victim was only 12 years old, and contacted the purported 12-year-old on several occasions. Furthermore, the language used by defendant in his communication with the alleged 12-year-old was totally inappropriate and very sexually explicit.
 

 The sentencing range for computer-aided solicitation of a minor is at least two years and no more than ten years, without the benefit of parole, probation or suspension of sentence. Defendant was sentenced to four years at hard labor, to be served without the benefit of parole, probation or suspension of sentence, on each count, to be served concurrently, for a total sentence of four years. Because of the circumstances of the case, the |¾1 extreme youth of the purported victim, and the nature of the crime, this sentence, which is on the lower end of the sentencing range, is not excessive.
 

 This assignment of error therefore lacks merit.
 

 Conclusion
 

 Defendant’s convictions and sentences are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The state withdrew a charge for obscenity.
 

 [2]
 

 .
 
 La. R.S. 14:81.3 has subsequently been amended several times. The only changes made to the cited portion were modifications of the age requirements and they are not relevant to the First Amendment issue.
 

 [3]
 

 . La. R.S. 14:81(A)(2) has since been amended to reflect technological advances in electronic communication and the amendments are not relevant to this discussion.
 

 [4]
 

 . There have been no Louisiana cases directly discussing the constitutionality of La.R.S. 14:81(A)(2).
 

 [5]
 

 . La. R.S. 14:81.3 has since been amended several times. The only changes made to the cited portion were modifications of the age requirements and are not relevant to this discussion.
 

 [6]
 

 . Part of the reason the material did not constitute child pornography, as defined by the Supreme Court in
 
 New York v. Ferber,
 
 was because
 
 the images to be regulated were not of real children.
 

 [7]
 

 . La.R.S. 14:81.3(C) has since been amended. For purposes of the instant discussion, we note that part (C) of the current version of the statute is substantially similar to the 2007 version and reads, "[i]t shall not constitute a defense to a prosecution brought pursuant to
 
 *596
 
 this Section that the person reasonably believed to be under the age of seventeen is actually a law enforcement officer.”